MRS. E. ADAMS, *et al.*, v. LOCKWOOD, ENGLEHART & CO.

1. SECOND MOTION *for Same Relief.* After a motion has been heard and overruled, the moving party has no right to file a second motion for the same relief upon grounds existing at the time the prior motion was made and decided. It can only be done upon leave of the court, which should rarely be granted.

2. AFFIDAVIT *for Attachment Should be Made, When.* Where an affidavit for attachment is sworn to eighteen days before it is filed or the action commenced, and the charge in the affidavit is of some fact, which having occurred is not subject to change, as that the debt was fraudulently contracted, *held*, that although such an affidavit should be made at as near the time it is filed as is practicable, yet the lapse of the intervening time was not of itself so great as necessarily to compel the discharge of the attachment.

### *Error from Clay District Court.*

ACTION by *Lockwood, Englehart & Co.* against *Adams* and another, to recover on three notes. At the January Term, 1883, of the district court, plaintiffs had judgment for $258.65 and costs against defendants. They bring this judgment, and also the overruling of their motion to discharge the attachment in the action, to this court for review. The opinion states the facts.

*J. S. Walker,* and *Harkness & Godard,* for plaintiffs in error.
*Miller & Blake,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This was an action on three notes, in connection with which were certain attachment proceedings. So far as any question is presented as to the petition, the ruling of the district court will be affirmed, on the authority of *Ambrose v. Parrott,* 28 Kas. 693. A motion was made to discharge the attachment, which was overruled. After it had been overruled, defendants filed a second motion to discharge the attachment upon different grounds. This motion was filed apparently without any leave of the court. Upon a

hearing it was also overruled, and of these rulings defendants now complain. As this second motion was filed without leave of the court, it might properly have been disregarded. None of the grounds stated in it could by any pretense be called new matter; that is, facts arising since the decision of the first motion. A party has no right to trouble the court or annoy the opposite party by successive motions seeking the same relief, even though he bases them upon different grounds. He must include everything in the first motion, and can only file a second motion upon leave of the court, which will be rarely granted, and then only where justice seems manifestly to require it. (Freeman on Judgments, §§ 325, 326.) So that if the court had disregarded the second motion, there would be no error.

However, we see nothing in any of the six grounds stated in the two motions, which calls for a reversal of the rulings of the district court. The only matter we think of sufficient importance to require notice, which is not already covered by prior rulings of this court, (see especially *Ferguson v. Smith*, 10 Kas. 396,) is the time intervening between the making of the affidavit and the commencement of the action. The affidavit was made October 31, and the petition and affidavit were filed and summons issued on November 18, following. The affidavit charged, among other things, that the defendants had assigned, disposed of and removed their property, or a part thereof, with intent to defraud, hinder and delay their creditors, and also that they fraudulently contracted the debt. Now it is doubtless true, as counsel for plaintiff in error claim, that the ground for attachment must be true at the time the attachment is issued, and that the affidavit must relate to such time. (*Robinson v. Burton*, 5 Kas. 303, and cases cited in the opinion.) But it will be noticed that the grounds for attachment charged in this case were matters which once occurring continue unchanged. If on the 31st October it was true that defendants had fraudulently contracted the debt, it continued to be the truth up to the 18th of November, and was not a matter subject to change. Of course if the charge

was non-residence, that fact might be changed during the eighteen days; but the facts alleged in this affidavit once existing continue to exist. Now under those circumstances, although an affidavit for attachment should be made as near the time it is filed as practicable, we do not think the lapse of intervening time in this case is such as necessarily to compel the discharge of the attachment. In Drake on Attachments, 3d ed., § 111, the author says: "It is proper that an affidavit should be made as near as practicable at the time of the institution of the suit; but it is believed to be a general practice to allow attachments to issue on affidavits made some time before the issue of the writ." (See also *Creagh v. Delane*, 1 Nott & McCord, 182; *Wright v. Ragland*, 18 Tex. 289; *Graham v. Bradbury*, 7 Mo. 281; *O'Neil v. Mining Co.*, 3 Nev. 142.)

We see nothing else requiring comment, and the judgment will be affirmed.

All the Justices concurring.