(June 7, 1905.)

## MURPHY, GRANT & CO. v. ZASPEL.

[81 Pac. 301.]

DISCHARGE OF ATTACHMENT—AFFIDAVIT, WHEN MADE—SECURITY FOR DEBT—BANKRUPTCY PROCEEDINGS—CREDITORS IN BANKRUPTCY PROCEEDINGS.

1. Where it is shown that the affidavit for a writ of attachment was made twenty-eight days before the commencement of the suit and issuance of the writ, where the ground for the writ is that the debt has not been secured, the writ should be discharged on proper motion.

2. The ground for attachment must exist at the time the writ is issued, and if the ground on which the attachment is sought is ''no security'' for the debt, it must be shown that such debt is not secured at the time the writ issues, which cannot be done by an affidavit made long before the suit was commenced. Said affidavit was not made as near as practicable to the date of the issuance of the writ.

(Syllabus by the court.)

APPEAL from the District Court of Ada County. Honorable George H. Stewart, Judge.

Motion to discharge an attachment. Motion denied. Reversed.

Quarles & Pritchard, for Appellant.

It was intended and contemplated by our code (Rev. Stats., secs. 4302, 4303) that the affidavit should be made simultaneously with the commencement of the action, or after the action is commenced, and at the time of the issuance of the writ. The conditions upon which the writ issues must be shown to exist at that time. If it will answer to show that they existed a month before, or twenty-eight days before, as in the case at bar, then it will be sufficient that they are shown to exist a year, or two years or longer before. The legislature did not so intend. If the ground upon which the attachment is sought is "no security" for the debt sued on, as is the case here, it must be shown that the debt sued on is not secured at the time the writ issues, which cannot be done by an affidavit made twenty-eight days before then. We think the rule is tersely and correctly stated in 4 Ency. of Law, pp. 517, 518; *Sydnor v. Chambers,* Dall. (Tex.) 610; *Adams v. Lockwood,* 30 Kan. 373, 2 Pac. 626; *Robinson v. Burton,* 5 Kan. 293. Creditors have a lien on proceeds of property of bankrupt when his estate is administered in bankruptcy. (*In re Elmira Steel Co.,* 109 Fed. 456 (see p. 474); 16 Am. & Eng. Ency. of Law, 2d ed., par. 2, p. 721.) An attachment cannot be issued when the plaintiff has a lien to secure his debt, and it matters not whether the lien is one recognized by courts of equity or is one of statutory origin and resting in contract. (*Hill v. Grigsby,* 32 Cal. 55.) The affidavit being false as to security, the motion to discharge the attachment should have been sustained. (*Murphy v. Montandon,* 3 Idaho, 325, 35 Am. St. Rep. 279, 29 Pac. 851; *Vollmer v. Spencer,* 5 Idaho, 557, 51 Pac. 609; *Willman v. Friedman,* 3 Idaho, 734, 35 Pac. 35; *Salmon River Min. etc. Co. v. Dunn,*

2 Idaho, 26, 3 Pac. 911; 2 Cook on Corporations, 4th ed., sec. 774.)

H. E. McElroy and H. W. Dunton, for Respondents.

As to delay in filing attachment affidavit: We have filed affidavit explaining delay. However, we believe the affidavit sufficient under the authorities. The rule is given in Drake on Attachments, third edition, section 111. It is proper that an affidavit should be made as near as practicable to the time for the institution of the suit; but it is believed to be a general practice to allow attachments to issue on affidavits made some time before the issuing of the writ. (*Wheeler v. Farmer,* 38 Cal. 215.) In the case of *O'Neil v. New York & Silver Peak M. Co.,* 3 Nev. 141, the court sets forth at length the reason underlying the rule as declared by Drake on Attachments. (*Campbell v. Wilson,* 6 Tex. 379; *Wright v. Ragland,* 18 Tex. 289.) Where attachment was obtained on the ground that the defendant was a nonresident of the state, it was held that it was not sufficient ground to quash the attachment that the affidavit was made in New York on the ninth day of June, and was not filed until the third day of July. (*McClanahan v. Brack,* 46 Miss. 246; *Graham v. Bradbury,* 7 Mo. 281.) The foregoing, so far as we can learn, comprise all of the litigated cases on this subject. The most of them are referred to in volume 3, page 6, Encyclopedia of Pleading and Practice, under the head of "Laches in Issuing the Writ."

SULLIVAN, J.—This appeal is from an order denying a motion to discharge an attachment. The action was commenced May 27, 1904, and the affidavit for attachment was sworn to on the twenty-ninth day of April, 1904, and the attachment issued on that date. The affidavit was sworn to twenty-eight days prior to the commencement of the suit.

It appears that from April, 1903, the appellant, Ida Zaspel, and her codefendant, Harry Watkins, were copartners doing business in Boise City under the firm name and style of Watkins-Zaspel Furniture and Carpet Company, and that on

or about August 1, 1903, said partnership was dissolved; that during the continuance of said partnership, the debts sued on in this action were created. The respondent sought to recover on three causes of action: The first upon an account in its favor, and the second and third upon assigned accounts. The action was brought against the appellant as sole defendant; she demurred to the complaint on the ground of defect of parties, which demurrer was confessed and the complaint was amended, making said Harry Watkins a defendant. Said writ of attachment was issued on the twenty-seventh day of May, 1904, and thereafter levied on property of the appellant. The appellant moved to discharge the attachment on the ground that the same was irregularly and improperly issued in that (1) the affidavit for attachment was made and verified twenty-eight days before the suit was commenced, and did not show the true facts as they existed at the time of the commencement of the action and issuance of the writ; (2) that the affidavit was false, in that it stated that the debt sued on had not been secured by any mortgage or lien on real or personal property or pledge of personal property, when in truth and in fact the same and all thereof had been secured by proceedings in bankruptcy against said Harry Watkins, commenced by plaintiff and its assignors, all of which facts were shown in the affidavit of the appellant; (3) that said affidavit for attachment was also false in this, to wit: That said accounts claimed to have been assigned to plaintiff had not been assigned to it, as the plaintiff had no authority to take an assignment of said claims.

The only error assigned is that the court erred in denying said motion.

It is first contended that an affidavit for attachment should be made either simultaneously with the commencement of the action or after the action is commenced, and at the time of the issuance of the writ. The facts upon which a writ is claimed or demanded must be shown to exist at the time the writ is issued; that if the ground on which the attachment is sought is ''no security'' for the debt sued on as in the case at bar, it must be shown that such debt is not secured at the

time the writ issues, which cannot be done by an affidavit made twenty-eight days before the issuance of the writ.

The rule contended by counsel for appellant is tersely stated in volume 4 of Cyclopedia, 517 and 518, as follows: "Since the ground of attachment must exist at the time the warrant is issued, any delay between the making of the affidavit and its presentation or filing, during which a change in condition may have taken place, will render the affidavit ineffectual; but if it is apparent that no substantial change in condition could have taken place or that the delay was caused by the fact that affiant resided in a distant jurisdiction, the neglect to promptly present or file the affidavit will not vitiate the proceedings." (See, also, *Sydnor v. Chambers* (Dallam's Dec.), 1 Tex. 601; *Adams v. Lockwood,* 30 Kan. 373, 2 Pac. 626.)

In the case at bar, the attachment was sought on the ground that the debts sued for had not been secured, and we think under the rule established by the above-cited authorities that the affidavit should have been made at or as near the time as practicable of the issuance of said writ. As said affidavit was made twenty-eight days prior to the commencement of the action, we do not think under the facts of this case that it was made as near as practicable to the date of the issuance of the attachment, and hence hold that the writ was improperly issued and that the court erred in denying said motion.

The law clearly contemplates that the affidavit should be made at the time the writ is issued, and where the complaint and affidavit are prepared at the same time and both are thereafter immediately filed, that is sufficient, but if the writ is not issued at the time the suit is commenced, the affidavit ought not to be made until application for the issuance of the writ is made. This applies where the ground for the issuance of the writ is "no security."

It is also contended by counsel for appellant that as bankruptcy proceedings were pending against the defendant Watkins, and the claim sued on in this action had been presented for payment in said proceedings, that that constituted a security for said indebtedness, and it is also contended that

the assignment of two of the claims sued on were merely for accommodation and for the purpose of collection, and that such purpose was foreign to the purposes for which the respondent was organized and was therefore *ultra vires*. It is not necessary for us to pass upon said last two contentions for a decision of this case, and we do not pass upon them.

The order denying the motion to discharge the attachment is reversed and the cause remanded, with direction to the trial court to sustain said motion and discharge said attachment. Costs are awarded to appellant.

Stockslager, C. J., and Ailshie, J., concur.