No. 32,561

CALVIN DEAN et al., *Appellees,* v. GEORGE METCALF, LIZZIE D. METCALF and the MARLAND PIPE LINE COMPANY, *Appellants.*

(58 P. 2d 1073)

Opinion filed July 3, 1936.

*W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *William E. Cunningham,* all of Arkansas City, for the appellants.

*Ed T. Hackney,* of Wellington, and *Bernard J. Seeman,* of Denver, Colo., for the appellees.

The opinion of the court was delivered by

BURCH, C. J.: The proceeding was one by petition to vacate a

judgment against the makers for the amount due on a promissory note, and to foreclose a real-estate mortgage securing payment of the note. The district court refused to vacate the judgment, and a guardian for the defendants in the foreclosure action, appointed subsequent to rendition of the judgment, appeals.

The foreclosure action was commenced in April, 1932. The defendants were George Metcalf and Lizzie Metcalf, who were husband and wife. Defendants resided on the premises, and the sheriff's return on the summons which was served was that it was served by leaving a copy at their usual place of residence. There was testimony that a copy of the summons for each defendant was, in fact, placed under the door of the dwelling house in which they resided. The result was, defendants were served by a form of personal service, pursuant to R. S. 60-2507.

In due time the firm of Faulconer, Dale and Swarts, attorneys at law, of Arkansas City, made application on behalf of defendants for additional time in which to plead. No pleading was, in fact, filed for defendants. Judgment was rendered on September 6, 1932. The journal entry recites appearance of defendants by their attorneys, and contains the following:

"And the court, after listening to evidence and argument of counsel, and being well and truly advised in the premises, finds the plaintiffs are entitled to the relief prayed for."

The land was sold, pursuant to the judgment, on November 5, 1932. The sale was confirmed, and a certificate of sale was issued on November 22, 1932. The petition to vacate prayed that these proceedings in execution of the foreclosure judgment should be vacated.

On January 30, 1933, a guardian was appointed for George Metcalf and for Lizzie Metcalf, as feeble-minded persons incapable of managing their affairs. On March 2, 1933, the guardian filed the petition to vacate.

The guardian's petition alleged the foreclosure judgment was void, because the foreclosure petition did not contain certain allegations conceived to be necessary to state a cause of action. The case was an ordinary foreclosure case, commenced in the proper county. The court had jurisdiction of the subject matter and of the parties. The petition contained allegations amply sufficient to challenge judicial action, and the contention the judicial action which was taken was without jurisdiction is without merit.

The civil code provides that the district court shall have power to vacate its own judgments as follows:

"*Fifth.* For erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings.

. . . . . . . . . . . . . .

"*Seventh.* For unavoidable casualty or misfortune preventing the party from prosecuting or defending." (R. S. 60-3007.)

The petition to vacate alleged the defendants in the foreclosure action were of unsound mind when the judgment was rendered, and alleged as unavoidable casualty and misfortune preventing the defendants from defending, unsoundness of mind and total ignorance of the pendency and prosecution of the foreclosure action.

The petition to vacate contained what was proposed as a defense to the foreclosure action, and in such cases the civil code requires that the court shall first try and decide upon the grounds to vacate before trying or deciding upon the defense. (R. S. 60-3012.) This procedure was followed, and after a full hearing upon the grounds to vacate the court made the following finding:

"Thereupon, the court finds that the evidence fails to show that George Metcalf, an incompetent person, and Lizzie D. Metcalf, an incompetent person, were of unsound mind or that there was any unavoidable casualty or misfortune preventing them from defending said proceedings."

Judgment denying the petition to vacate followed.

There was testimony tending to show the defendants in the foreclosure action were incompetent to manage their affairs for many years before the action was commenced, at the time it was pending, and when judgment was rendered. There was testimony to the contrary, and we have here a typical case of a finding of fact made on disputed testimony. To debate the soundness of the finding would fill some pages of the Kansas reports with matter of no help to the district courts in the decision of other cases, and of no help to the members of the legal profession in advising clients, or in maturing legal learning. The court holds the finding of the district court was sustained by abundant substantial evidence.

There was testimony that defendants did not know of the pendency and determination of the foreclosure action. Faulconer, Dale and Swarts appeared for defendants soon after the action was commenced, and represented them at the time judgment was rendered. The presumption is the attorneys were authorized to represent their

clients. The presumption stands until positive proof to the contrary is produced. (*Reynolds v. Fleming,* 30 Kan. 106, 1 Pac. 61.) There was testimony that one of the defendants did know of the pendency of the foreclosure action. The record discloses ample ground for the district court to disregard the testimony of the witness who said the defendants did not know about it, and the finding of the district court against existence of unavoidable casualty and misfortune, consisting of lack of knowledge of pendency of suit, is approved.

The guardian objected to the introduction of some letters which were admitted in evidence.

In due time the guardian made demand for copies of letters to plaintiffs, not only from George and Lizzie Metcalf, but from their three sons, Ray, Roy and Albert, and from Nina M. Keown, Lizzie Metcalf's daughter by a former husband. Apparently a copy of a letter from Ray was produced, and the letter, dated January 20, 1932, was introduced in evidence as exhibit "C," over the guardian's objection. The ground of the objection was that Ray had no authority to bind his father and mother. The guardian did not reproduce the letter in his abstract, but here it is:

"ARKANSAS CITY, Jan. 20, 1932.

"DEAR COUSIN—Received your letter last week and will say the oil company rejected our lease, consequently no money arrived for us. What would you have me to do? I don't understand your letter very well. Respectfully,

"Your cousin, RAY METCALF,

"Arkansas City, General Delivery."

Ray Metcalf testified his father was kicked by a horse in 1914 or 1915, causing compound fracture of a leg, and after that his father slept continuously. Ray gave other testimony, the credibility of which was a matter for the trial court to determine. He did give, in detail, facts relating to his management of his father's farm, farming operations and business affairs, for years. This testimony established a general agency for his father if his father was mentally competent to assent. However this may be, on January 8, 1932, one of the plaintiffs wrote a letter to Ray, which reads:

"Dear Cousin—Over a month ago I wrote to your brother asking him about the lease money that was to have been paid to us some months ago. He has not replied to my letter.

"My father has left the business for me to handle and I feel too, that our parents should not be worried with all of this.

"Our expenses are heavy and it is imperative that we have an income. Will

you please let us know just how soon you can take care of this? If we do not receive a reply within a reasonable time, you but force us to put this matter in the hands of some one who will take action for us.

"I am registering this letter and asking for a return receipt so we shall know that it has been received.

"Your cousin, MARGUERITE DEAN."

The guardian was permitted to introduce this letter in evidence. It had no bearing on the issue being tried, but the guardian wanted it in evidence, and having gotten it in evidence, was not in position to keep out the reply.

Another letter of Ray, introduced in evidence over objection of the guardian, is not of the slightest importance in this appeal. No timely motion was made to strike out the letter, or any other evidence admitted over objection, and rule 53 of this court has no application. The guardian does not take the trouble to abstract a letter from Albert introduced in evidence over objection.

As indicated, notice was served on plaintiffs to produce letters of Lizzie Metcalf. The attorney for plaintiffs asked his clients for all letters. Later, some letters of Lizzie Metcalf came into the hands of the attorney which he did not know existed. He promptly notified the attorney for the guardian, who did not see the letters until the morning of the day of the trial at which they were offered in evidence. Objection was made to introduction of the letters, on the ground plaintiffs had refused to produce the letters after notice to do so. According to the statement to the court of the attorney for plaintiffs, the objection was not well founded.

The brief for the guardian says objection was made to introduction of the letters because they contained nothing relating to the note and mortgage, which was true, and which was quite immaterial. Further objection was made because the letters were written by Lizzie Metcalf alone, in the years 1920 and 1923, and there was nothing in them which was binding on George Metcalf. All this was true, but it had no bearing on the propriety of admitting the letters in evidence.

The testimony for the guardian dated impairment of the faculties of Lizzie Metcalf from the time she suffered a stroke in 1913. Thereafter her mind was weak. She could not remember things. She never recovered use of her right hand, with which she wrote letters, and from the year 1913 until the time of her death in 1934 she gradually weakened in mind and body. Her letters, written ten years after her stroke, tended to refute much of the testimony on be-

half of the guardian relating to mental and physical capacity of Lizzie Metcalf, and had a distinct bearing on the subject of the weight to be accorded to the testimony of witnesses relating to the capacity of Lizzie Metcalf.

A contention that the cross-examination of Mattie E. Dean, to show her interest in the controversy was unduly restricted, is without merit. She was a plaintiff in the case. She testified she had an interest in the outcome of the suit. She said the debt was owed to her sister and herself, and the apparent purpose of further cross-examination was to elicit facts relating to one of the defenses to the foreclosure suit pleaded in the petition to vacate, a subject of no consequence in this appeal.

A lay witness was asked whether, in his opinion, George and Lizzie Metcalf had mental capacity to understand what the summons served was about, and whether they would have known what to do with it if it had been given to them personally. Objections to the questions were properly sustained, and what the witness would have said if permitted to answer was not shown at the hearing on the motion for a new trial. The last remark applies to other evidence which was excluded, and strictures on consistency of the district court in admitting and rejecting evidence are not warranted by the record.

There is nothing else in the case of sufficient importance to require special mention, and the motion for a new trial was properly denied.

The judgment of the district court is affirmed.