No. 33,215

Louis Perry, a Minor, by Theodore V. Perry, His Father and Next Friend, *Appellant,* v. H. Umberger, *Appellee.*

(65 P. 2d 280)

Opinion filed March 6, 1937.

*James E. Smith, E. H. Hatcher, Frank H. McFarland* and *Clayton M. Davis,* all of Topeka, for the appellant.

*T. M. Lillard, O. B. Eidson* and *Philip H. Lewis,* all of Topeka, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from an adverse ruling on a petition filed by a father and next friend to vacate a former judgment of settlement obtained by the same father and next friend, in behalf of a minor son, for damages resulting from an automobile accident.

At about the hour of six o'clock in the evening of November 3, 1934, and after dark, the son, Louis Perry, sixteen years of age, was riding a bicycle in a westerly direction on highway No. 10, east of Topeka. His bicycle contained no light and he was traveling about six or seven inches from the north edge of the cement slab. Defendant's car was approaching from the rear, and another car, with lights, was approaching from the front and on the south side of the highway. The latter car passed. Defendant did not observe the boy on the bicycle and it appears that perhaps the fender of defendant's car struck the boy behind the knee. At any rate the boy was thrown backward and the handle of the door struck his head. It broke his skull, and according to his evidence penetrated about two inches. Miraculous as it may seem, the boy was not rendered unconscious and personally removed the handle from his skull. More will be said about his injuries later. He was removed to the hospital, where an operation was performed and the broken portion of the skull removed. He remained in the hospital three weeks, attended an all-school party on December 15, but otherwise remained at his home until February 1, 1935, when he resumed his school work. To the date of judgment, February 27, 1935, he had

attended school without interruption. Defendant's counsel and the minor's father negotiated for and agreed upon a friendly settlement to be made in court for the sum of $2,000. A petition and answer were filed. Plaintiff was represented by counsel and the minor son and father were interrogated both on direct and cross-examination. The journal entry discloses the trial court, after hearing the testimony and being fully advised as to the facts incident to the accident, found the sum of $2,000 was a just and reasonable amount to be paid in full satisfaction of all liability of defendant for all claims, past, present or future. The costs were assessed to defendant.

The verified petition to vacate the former judgment was filed eight months after the rendition of judgment. It expanded somewhat the act of negligence pleaded in the original petition and enumerated some additional injuries which it alleged resulted from the accident. Defendant filed an answer to this petition, which denied the pertinent allegations of the petition. Attached to the answer was a full transcript of the evidence introduced before the trial court at the time the proposed settlement was submitted to the court. Plaintiff filed a motion for judgment on the pleadings, and rested on that motion. The petition to vacate does not allege fraud in obtaining the judgment. The substance of appellant's contentions is the trial court was not sufficiently advised of the extent of the minor's injuries; the parent had no implied authority to compromise or settle an infant's cause of action, and he cannot by admission surrender the substantial rights of the infant; a parent or next friend may negotiate for a fair adjustment of the infant's controversy, but the settlement can only become binding when given due judicial sanction, and this must be upon a real and not a perfunctory hearing.

Appellant relies solely upon G. S. 1935, 60-3007, sub-div. 8, as authorizing a father and next friend to vacate the former judgment rendered at his instigation on behalf of the minor. It reads:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: . . . *Eighth.* For *errors* in a judgment, shown by an infant in twelve months after arriving at full age." (Italics inserted.)

Appellee insists this statute can have no application as the infant had not arrived at full age, and hence has of course shown no error in the judgment, after reaching his majority. The conten-

tion may have merit, but in view of the conclusion we have reached we need not rest the decision on that contention. Assuming for the moment the statute is applicable, what are the errors in the judgment? Appellant urges there was failure to ascertain the full extent of the infant's injuries.

Assuming again, without deciding, that failure to ascertain full extent of injuries is in the nature of *errors* contemplated by subdivision eighth of the statute, it is indeed difficult to conceive how this judgment could be vacated on that ground in the light of the record before us. The minor's legal representative well and thoroughly understood, according to the evidence, before the judgment was rendered, as did also the trial court, there might be later and much more serious developments from the injury than those then existing. It was definitely explained and clearly understood the judgment contemplated and was in full satisfaction of all such future disabilities which might result from the injury. Under these circumstances, assuming there were other injuries, this court cannot discern how the trial court committed error in failing to consider injuries which were not testified to by the minor or the father when they were asked to relate them. The petition to vacate states the doctors who treated plaintiff were not called to testify although their presence had been requested. Defendant's answer specifically denied any such request had been made. If such request was made the petition did not state the trial court had been advised concerning it. Without such allegation and without the further allegation the trial court had refused to permit such physicians to be called it cannot be said the judgment should be vacated by reason of errors of the trial court. While this court believes the testimony of the attending physician or physicians in cases of this character would be helpful in enabling a trial court to determine whether it should give its judicial sanction to a proposed settlement, we certainly cannot say absence of the physicians, in the light of the record, constituted error.

Before a court is permitted to consider the validity of a defense or cause of action, it must vacate the existing judgment. G. S. 1935, 60-3012, provides:

"The court shall first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defense or cause of action." (See, also, *Dean v. Metcalf*, 144 Kan. 174, 176, 58 P. 2d 1073.)

This action was brought by a party authorized to bring such an action. G. S. 1935, 60-406, reads:

"The action of an infant *must* be brought by his *guardian* or *next friend*. When the action is brought by his next friend, the court has power to dismiss it, if it is not for the benefit of the infant, or substitute the guardian of the infant, or any person, as the next friend." (Italics inserted.)

This was not a settlement by a minor. It was not a compromise by a guardian or next friend, or a surrender of an infant's rights, out of court. It was an action by the legal representative of the minor, resulting in a settlement which the record proclaims to have had the judicial sanction of the court.

Appellant, however, contends there was no judicial determination of the infant's rights, but merely a perfunctory hearing to give colorable sanction to the unauthorized settlement. He therefore insists the judgment must be set aside on the authority of previous decisions of this court. He cites *Railway Co. v. Lasca*, 79 Kan. 311, 99 Pac. 616; *Leslie v. Manufacturing Co.*, 102 Kan. 159, 169 Pac. 193; *Huls v. Gafford Lumber & Grain Co.*, 120 Kan. 209, 243 Pac. 306. Decisions from other jurisdictions are cited. This court desires to detract or weaken no principle previously announced relative to the vital need for the proper protection of the rights of infants. It is unnecessary, however, to prolong this opinion by distinguishing at length the facts in the instant case from those disclosed in the cases cited. A casual reading will readily reveal their dissimilarity to the facts in this case. In those cases the sham of a pretended hearing before a court of justice is patent on the face of each of them. They received the condemnation to which they were justly entitled. The paltry amount of the settlements in view of the injuries sustained was shocking. A pretended hearing without any evidence could of course form no basis for judicial sanction. Neither did the mere perfunctory approval by a court of an announced agreement of settlement suffice. The reason is obvious. The agreement must in fact have judicial sanction. In order to receive such sanction the court must be sufficiently advised to enable it to arrive at a reasonable conclusion in the premises. This, however, does not require the court to exhaust the minutest details which might arise in the course of a contested lawsuit. It does, however, require a fair hearing. In the instant case a petition was filed setting forth ample charges of negligence to support any adequate verdict. An answer was filed which admitted the accident but charged contributory negligence as

the proximate cause. Appellant was not rushed into an agreed settlement immediately following the sad accident. Almost four months had passed before the settlement was made. Ample time had been allowed appellant to make a full and complete investigation of the circumstances attending the accident, to consult counsel concerning the prospect of recovery in the event of a lawsuit, and to ascertain from the doctors and surgeon the minor's present condition and the prospect of his recovery. The minor called on the doctor every week. There was evidence he might have a complete recovery, and again that he might not. His right clavicle had been broken and his right side was temporarily paralyzed. The paralyzed condition was steadily improving. He demonstrated to the court the present extent of the use of his right arm and fingers. The testimony was that the doctors advised it would require about one year for the bone to cover the injury to his skull. The father was expressly interrogated relative to the doctor's advice as to these particulars. In this regard the father testified:

"A. The doctor says that at any time he may have a hemorrhage and of course that *is* complete paralysis.

"Q. And you have that in consideration when you make this settlement? A. Yes, I do."

The minor's legal representative understood the settlement was in full satisfaction of both present disability and possible future developments. After hearing the testimony on direct and cross-examination of both the minor and his father, the journal entry discloses the court made its own judicial finding that $2,000 was a *just* and *reasonable* amount to be paid in full satisfaction of all claims, past, present and future. At the time of the hearing on the motion to vacate, the trial court again found, upon being fully advised in the premises, the judgment had been rendered by the court after a full judicial examination concerning the facts of the accident and the extent of plaintiff's injuries. The court further found that substantially the same facts were set out in the pleadings and in the original case and proven by the evidence at the time of the trial as were now contained in the petition to vacate.

Appellant directs our attention to the fact counsel for defendant drew both the petition and answer and paid plaintiff's attorney for the services he rendered. The motion to vacate does not charge fraud in the procurement of the judgment. The fact complained of can go only to the good faith of the settlement. Nothing is indi-

cated tending to show plaintiff's counsel tried to or did in any manner persuade plaintiff to make the settlement. No complaint is made this counsel unfairly represented plaintiff. In the light of the record, it must be and it is by this court assumed counsel for plaintiff fairly and honestly performed the services he rendered. The father may have considered the possibility of no recovery in the event of a lawsuit. In any event he must have concluded a $2,000 net settlement and cash payment might be about as much or perhaps more than would be realized after litigation in the district court and, perhaps, an appellate court.

The trial court, of course, had not only the right but the duty to determine whether it would give its judicial sanction to this settlement or whether it would assume the responsibility for rejecting a $2,000 cash payment and thus leave the results to the hazards of a lawsuit. This court is constrained to believe that too frequently settlements of this nature do not receive the careful scrutiny to which they are justly entitled. Especially should the rights of infants be most carefully guarded. In the instant case, however, it appears the trial court gave its judicial sanction to the settlement, not once, but twice. In the light of the entire record, we do not feel justified in disturbing the conclusion reached by the trial court.

Minor contentions seriously urged have been noted, but treatment of them could not alter the result. The judgment must therefore be affirmed. It is so ordered.