No. 39,480

ETHEL ZINN, *Appellee*, v. A. H. HILL LUMBER AND INVESTMENT COM-
PANY, *Appellant*.

(272 P. 2d 1106)

Opinion filed July 6, 1954.

*J. Ashford Manka*, of Wichita, argued the cause, and *Emmet A. Blaes*, of Wichita, was with him on the briefs for the appellant.

*Robert S. Lomax*, of Wichita, argued the cause, and *Fred J. Gasser*, of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from an order overruling defendant's demurrer to an amended petition in a damage action. The amended petition, in substance, alleged:

The defendant, A. H. Hill Lumber and Investment Company, a corporation, was the owner of a building in the city of Wichita; one room thereof is rented to various individuals and organizations for one or more days at a time for the purpose of conducting public rummage sales; approximately three weeks prior to November 28,

1952, a group of women known as the Wichita Book and Needle Club reserved this room from defendant for one day for the purpose of conducting such a sale, open to the public; the room is entered through a door on the ground floor, which faces Main street; there is an entranceway in front of the door; its floor is covered with tile which joins the Main street sidewalk; the entranceway is approximately five feet wide and five feet deep; the entranceway on and prior to November 28, 1952, was broken, cracked, sloped and uneven; the rear portion of the entranceway had settled and broken away from the doorway of the building to the extent of approximately one inch at the south edge and about four inches at the north edge; the front of the entranceway was tilted and raised where it joins the sidewalk along Main street, resulting in a crack approximately one half inch wide; at the front of the entranceway the tile is about two inches higher than the level of the sidewalk at the south end and about one inch higher at the north end; the entranceway was dangerous to life and limb.

The amended petition, in substance, further alleged: On November 25, 1952, snow and ice had collected in the entranceway; it became the duty of defendant to clear and remove said snow and ice, which defendant negligently failed to do; snow and ice covered and concealed the defective condition of the floor and continued to do so on the 28th day of November; defendant knew the defective condition, including the fact that snow and ice had accumulated on the floor; he failed to place the premises in a reasonably safe condition by repairing the defects and by removing the snow and ice before the public was invited to enter; defendant had ample time to place the premises in reasonably safe condition before November 28, 1952; at approximately 9:30 a. m. on November 28 plaintiff entered said room in a careful and cautious manner for the purpose of purchasing goods; by reason of the combined defective condition of the entranceway, as described, and the failure of defendant to warn the public and particularly the plaintiff of the dangerous condition she fell and suffered injuries; defendant knew, or in the exercise of reasonable care could have known of the defective condition and its negligence was the direct and proximate cause of plaintiff's injuries.

Other portions of the amended petition pertaining to the nature and extent of the injuries sustained are not material on demurrer.

Appellant complains of the trial court's failure to sustain its mo-

tion to make the amended petition definite and certain in specified particulars or in the alternative to strike them. The motion was resisted by appellee and was overruled. Appellant argues the motion should have been sustained at least in part, and, therefore, the amended petition must now be strictly construed on demurrer.

The portions of the motion stressed in this court might have been embodied in the first motion to make the original petition definite and certain. It was early held the filing of repeated motions of such character is not favored. They can be filed only with leave of court and such leave rarely should be granted. (*Adams v. Lockwood, Englehart & Co.*, 30 Kan. 373, 2 Pac. 626.) It is true leave to file the second motion was granted in the instant case. That fact, however, does not mean it should have been sustained. Appellant neither appealed from the rulings on any of its motions nor assigned such orders as error in this court. The correctness of the rulings, therefore, is not before us for appellate review.

Appellant has included in its brief a photograph of the entranceway but states it has done so only for illustrative purposes. Appellee has likewise included a photograph in her brief, but a much larger one, and states she also has done so only for illustrative purposes. Both parties, of course, concede the photographs are no part of the amended petition. Pictures are always interesting and these are splendid examples of the art of photography. At any rate what we have before us is not a demurrer to a picture but a demurrer to an amended petition to which we must look for a description of the entranceway.

Appellant argues the demurrer should have been sustained on the ground that inconsistent and conflicting theories were improperly joined and the amended petition did not state sufficient facts to constitute a cause of action upon a single or definite theory. The two grounds of the demurrer may be treated together. The reasons urged in support of these contentions are the amended petition was based upon both structural defects and defects resulting from the elements. In the first place we fail to find that appellant moved to have the causes of action, if they were distinct, separately stated and numbered. In the next place we think it would have constituted a splitting of causes of action if appellee, under the circumstances, had filed two separate and distinct actions for the same relief. Her theory plainly was, and she alleged, the injuries resulted from a combination of appellant's failure to repair the structural defects, to remove the snow and ice, before the

tenancy began, and from its failure to warn her, a member of the public, of the concealed defects. We think the demurrer was properly overruled on the grounds alleged.

The real question presented is whether the facts alleged, if established on the trial, render the landlord liable. Appellant argues they do not and relies on the following statement from 32 Am. Jur., Landlord and Tenant, § 818, which reads:

"It is a settled principle of law that an owner or occupant of lands or buildings who directly or by implication invites or induces others to go upon the land or in buildings owes to such persons the duty to have the premises in a reasonably safe condition and to give warning of latent or concealed perils and defects, and there is nothing in the relation of landlord and tenant which changes this rule. At common law, a tenant in full and complete control of premises which he occupies owes the same duty to persons coming there in the course of business or upon his invitation express or implied to keep such premises in a reasonably safe condition as he would if he were the owner, and is prima facie liable for damages proximately caused by defects in or dangers on the premises that reasonably could have been avoided by appropriate care taken by him, irrespective of whose duty it was, as between landlord and tenant, to make such repairs. Such invitees when seeking redress for injuries sustained by them by reason of defects in the premises must seek such redress from the tenant and not from the landlord, in the absence, at least, of any statutory provision making the landlord liable. . . ."

and also leans heavily on *DeTarr v. Heim,* 62 Kan. 188, 61 Pac. 689, and *Bailey v. Kelly,* 93 Kan. 723, 145 Pac. 556. In the DeTarr case we held:

"A tenant who has possession and control of premises is ordinarily bound to keep them in such condition that they will be safe for the public, and such tenant is *prima facie* liable to third persons for damages arising from negligent defects." (Syl. ¶ 2.)

In the Bailey case it was said:

" 'It is a rule of the common law, applicable here, that "the occupier and not the landlord is bound as between himself and the public so far to keep the premises in repair that they may be safe for the public." ' (*DeTarr v. Heim,* 62 Kan. 188, 192, 61 Pac. 689.)" (p. 731.)

We shall not repeat the facts in those cases as they are fully set forth in the respective opinions. Although there, of course, must be general rules governing the relations of landlord and tenant and concerning their liability to each other and to third parties, each case nevertheless must, of necessity, be decided upon its own particular facts. The facts in the Bailey case were clearly distinguished from those in *Turner v. Kent,* 134 Kan. 574, 7 P. 2d 513, by the opinion in the latter case. In the Turner case it was held:

"Where a building is leased for a public purpose as a grocery store and meat market to which the public generally is to be invited, and conditions exist at the time of leasing which make it unsafe for the purpose intended, and such matters are known to the owner or landlord at the time of making the lease, the owner or landlord is liable for injuries thereby occasioned to third parties of the invited public." (Syl. ¶ 2.)

The decision in the Turner case is in complete harmony with principles enunciated in Restatement of the Law of Torts. In volume 2, section 359, of that treatise, we find a statement, together with comments and illustrations of its application. The section and portions of the comments read:

"A lessor who leases land for a purpose which involves the admission of a large number of persons as patrons of his lessee, is subject to liability for bodily harm caused to them by an artificial condition existing when the lessee took possession, if the lessor

"(a) knew or should have known of the condition and realized or should have realized the unreasonable risk to them involved therein, and

"(b) had reason to expect that the lessee would admit his patrons before the land was put in reasonably safe condition for their reception. [p. 971.]

. . . . . . . . . . . . .

"b. *Ambit of liability.* The liability stated in this Section is based upon the fact that the lessor knows that the land is leased for the purpose of being thrown open to a considerable number of persons for entry for a particular purpose while in the same dangerous state in which it is when he gives possession to his lessee. Therefore, he is subject to liability only to those patrons whom the lessee admits to the land for that purpose. [p. 972.]

. . . . . . . . . . . . .

"d. The rule stated in this Section applies to all lessors irrespective of whether the lease is for a rent or other valuable consideration or is a free gift. [p. 973.]

. . . . . . . . . . . . .

"e. *When lessor cannot expect lessee to repair premises.* The lessor may have a number of different grounds for believing that the lessee will permit persons to enter the land without so changing the conditions existing at the time of the lease as to make it safe for their entry. *The land may be leased for so short a period as to make it unreasonable to expect that the lessee will make any change while using it.* It may be leased for a use so immediate that the lessee has no opportunity to make the repairs or alterations necessary to make the land safe for visitors. The known character of the lessee or his lack of the financial resources necessary to make the alterations and repairs, may make it clear that the land is to be used as leased. [Our italics.] [p. 973.]

. . . . . . . . . . . . .

"f. *Effect of lessee's duty to repair premises.* The possessor is subject to liability for any such injuries as are caused to patrons of his lessee by the dangerous condition during the time within which the lessor had reason to believe that it would remain unchanged." (p. 975.)

In 4 Thompson on Real Property, perm. ed., § 1555, the author, in part, states:

"The landlord is liable . . . when he rents premises for a public or a semi-public purpose which are in an unsafe condition at the time of letting, and such condition is known or could have been known by the landlord in the exercise of reasonable care, and a third person is injured by reason of such unsafe condition." (p. 26, 28.)

See, also, *Webel v. Yale University*, 125 Conn. 515, 7 A. 2d 215, 123 A. L. R. 863, anno. 870, and particularly the portion thereof pertaining to "Stores or shops", p. 873, in which our own Turner case is cited. The author of the annotation indicates the majority view and perhaps the trend of modern authorities is to hold the owner and landlord liable in situations similar to those described in the instant petition.

Appellant further argues the foregoing principles do not apply to the instant case for the reason the alleged defects were not of a sufficiently serious nature to be actionable. The evidence on the trial may not support appellee's allegations but presently we are not concerned with evidence. If the combined defects, alleged to be the proximate cause of the injury, prove to be as pleaded, we think we would not be justified in concluding, as a matter of law, they are not actionable.

The order overruling the demurrer is affirmed.