No. 40,360

ETHEL ZINN, *Appellee*, v. A. H. HILL LUMBER AND INVESTMENT COMPANY, INC., *Appellant*.

(305 P. 2d 1056)

Opinion filed January 12, 1957.

*Emmet A. Blaes*, of Wichita, argued the cause, and *W. D. Jochems, J. Wirth Sargent, Roetzel Jochems, Robert G. Braden, J. Francis Hesse, James W. Sargent, S. C. Durbin, Stanley E. Wisdom, Vincent L. Bogart, Cecil E. Merkel* and *John W. Brimer*, all of Wichita, were with him on the briefs for the appellant.

*John C. Frank, of Wichita*, argued the cause, and *Robert S. Lomax* and *Fred J. Gasser*, both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover damages for personal injuries sustained as a result of an alleged defective entranceway to a store building owned by defendant. Plaintiff recovered and defendant has appealed.

The case was here previously in *Zinn v. Hill Lumber & Investment Co.*, 176 Kan. 669, 272 P. 2d 1106, which was an appeal by defendant from an order overruling its demurrer to the amended petition. We affirmed that ruling.

Our opinion set forth fully the material allegations of the amended petition and they will not be repeated. Plaintiff's theory of recovery was that her injuries resulted from a combination of defendant's failure to repair the structural defects, to remove the snow and ice before the tenancy commenced, and from its failure to warn her, a member of the public, of the concealed defects. The question was whether the facts alleged, if established on the trial, would render defendant landlord liable, and it was held that if the combined defects which were alleged to be the proximate cause of the injury proved to be as pleaded, this court would not be justified in concluding, as a matter of law, they were not actionable.

Subsequently the defendant joined issue and the case was tried by a jury, resulting in a verdict for plaintiff. Except for some minor variations which, in our opinion, are immaterial to the real issue in the case, plaintiff's evidence established in substance the allegations of the amended petition which was under attack in the former appeal. In answer to special questions the jury absolved plaintiff of contributory negligence; found the existence of the defective entranceway to be substantially as pleaded; that at the time in question such defect was covered and hidden by an accumulation of snow and ice which made it invisible to an ordinarily careful person; that while entering the store building plaintiff lost her balance and fell as a result of the concealed, elevated and defective portion of the entranceway, and that defendant's negligence was the proximate cause of her injuries.

Defendant specifies as error the orders of the trial court overruling the demurrer to plaintiff's evidence, denying its motion to set aside answers to special questions, denying its motion for judgment notwithstanding the verdict, entering judgment for the plaintiff, and overruling its motion for a new trial. In support of these contentions a number of arguments are made, all of which have been carefully noted and considered, but which, in our opinion, require no discussion.

Our former decision, as expressed in syllabus 2 of the opinion, settled the basic legal question involved in this case, leaving only questions of fact for submission to a jury. Those questions were resolved against defendant by the special findings and general verdict. It is unnecessary to detail the evidence. All of it has been examined, and we have no difficulty in holding that it supports the findings and general verdict. No complaint is made of any instructions given by the court, and neither is complaint made as to the amount of the verdict. An examination of the record discloses nothing approaching reversible error and the judgment is therefore affirmed.

PARKER, J., concurs in the result.

ROBB and HALL, JJ., not participating.