No. 40,936

Beatrice Farran, a Minor, by and Through Her Father, Clarence R. Farran, Her Natural Guardian and Next Friend, *Appellant*, v. Kenneth F. Peterson, as Administrator of the Estate of W. F. Peterson, Deceased, Stella Peterson, and M. H. Walker, *Appellees*.

(342 P. 2d 180)

Opinion filed July 10, 1959.

*James S. Phillips* and *Oren Gray*, both of Parsons, were on the brief for the appellant.

*Glenn Jones, Elmer W. Columbia, John B. Markham,* and *Herman W. Smith, Jr.,* all of Parsons, were on the briefs for the appellees.

The opinion of the court was delivered by

Jackson, J.: This is an action by a minor child, appearing by her father as natural guardian and next friend, against the appellees as defendants seeking to recover damages for personal injuries alleged to have been suffered due to the negligence of the defendants. This appeal is from an order of the district court sustaining a demurrer to the first cause of action in plaintiff's third amended petition, and also from the denial of certain motions filed by plaintiff.

Plaintiff is alleged to have suffered a broken leg and other injuries on February 15, 1954. At that time plaintiff is alleged to have been seven years of age. This action was originally begun February 21, 1955, to recover damages to compensate plaintiff for the alleged injuries. The case is still not at issue and no answer has ever been filed by defendants. We find it unnecessary to recount all the motions and amendments which have been filed. The case was before this court as to an appeal on a different part of the petition in *Farran v. Peterson,* 181 Kan. 145, 309 P. 2d 677. The record of the case up to that time will be found in the former opinion.

One issue in the present appeal should be laid to rest at the outset. The defendants seem to have raised the question of the statute of limitations in the lower court and also in the briefs in this court. The plaintiff is still a minor since only a little more than five years have passed since her alleged injury. In the recent case of *Domann v. Pence,* 183 Kan. 196, 326 P. 2d 260, the syllabus reads as follows:

"A cause of action in favor of an infant for personal injuries sustained may be brought by the infant at any time during infancy, and will in no event be barred by the two-year limitation until one year after the disability of infancy has been removed."

The force and effect of the above clear statement of the law is that a minor child will not be barred of a right of action during his minority. Of course, a final judgment will determine the rights of a minor (*Burdette v. Corgan,* 26 Kan. 102; *Huls v. Gafford Lumber & Grain Co.,* 120 Kan. 209, 243 Pac. 306; *Perry v. Umberger,* 145 Kan. 367, 65 P. 2d 280; *Lewis v. McConchie,* 151 Kan. 778, 100 P. 2d 752). No such adjudication has been had in this case during the last four years of this litigation.

In considering the other questions on this appeal, a more particular inspection of the pleadings will be necessary. We shall begin, however, with the third amended petition. As shown in our former

opinion, *supra,* that pleading included three causes of action. The first cause of action was based upon negligence in creating and permitting a dangerous condition to exist; the second cause charged the defendants with maintaining a nuisance; and the third cause sought to allege that the defendants had created and maintained an attractive nuisance. Only the third cause of action was involved in the first appeal to this court. The order of the trial court in striking the third cause from the petition was affirmed in our former opinion.

We are advised that the third amended petition was filed in the instant case on March 8, 1956. The defendants seem to have adopted an unusual and irregular procedure in pleading to this third amended petition. On March 28, 1956, defendants filed a motion to strike the third cause of action in the petition, but failed in any way to plead to the other causes contained therein until after the decision of this court on the former appeal relating to the third cause. Finally on May 27, 1957, more than a year later, defendants filed demurrers to the first and second causes of the amended petition as to which they had been in default for want of answer or other pleading. Plaintiff then through counsel belatedly filed motions to strike the demurrers of defendants as being filed out of time and without leave of court and "that the defendants by filing said instruments are attempting to avoid and delay trial."

Plaintiff also filed a motion denominated "motion for judgment on the pleadings" as to count one of the third amended petition. In this motion plaintiff seems to have contended that she was entitled to a default judgment against the defendants.

On June 19, 1957, the trial court overruled both plaintiff's motions to strike and the "motion for judgment on the pleadings." On August 1, 1957, the trial court is shown to have sustained the defendants' demurrers to the first and second causes of action. The reasons for the order are not indicated in the journal entry.

By timely appeal plaintiff brought the case to this court seeking a review of the trial court's ruling on the above motions and as to the order relative to the demurrers of the defendants.

Subsequent to this appeal, the defendant W. F. Peterson died and the action has been revived in the name of his administrator.

In the supplemental brief of the appellant herein, the appellant waives all matters relating to the second cause of action and relies entirely upon the first cause of the petition based upon negligence. The case was submitted to this court without benefit of oral argu-

ment, and will be decided from the matters gleaned from the abstracts and briefs.

We shall first take up the matter of the plaintiff's motions to strike the demurrers to the first cause of action because of being filed out of time and for delay. Of course, these motions are within the sound discretion of the trial court. But we would point out the provisions of G. S. 1949, 60-708 reading as follows:

"The defendant may demur to one or more of the several causes of action stated in the petition, and answer to the residue."

The above section of the civil code and the code in general have never been thought to sanction the response to an adversary's pleading in piecemeal stages. As early as *Adams v. Lockwood, Englehart & Co.*, 30 Kan. 373, 2 Pac. 626, Mr. Justice Brewer, speaking for the court said:

"A motion was made to discharge the attachment, which was overruled. After it had been overruled, defendants filed a second motion to discharge the attachment upon different grounds. This motion was filed apparently without any leave of the court. Upon a hearing it was also overruled, and of these rulings defendants now complain. As this second motion was filed without leave of the court, it might properly have been disregarded. None of the grounds stated in it could by any pretense be called new matter; that is, facts arising since the decision of the first motion. A party has no right to trouble the court or annoy the opposite party by successive motions seeking the same relief, even though he bases them upon different grounds. He must include everything in the first motion, and can only file a second motion upon leave of the court, which will be rarely granted, and then only where justice seems manifestly to require it. (Freeman on Judgments, §§ 325, 326.) So that if the court had disregarded the second motion, there would be no error."

Again in *Krey v. Schmidt*, 170 Kan. 86, at p. 89, 223 P. 2d 1015, the court pointed out the impropriety of pleading to part of a petition, and see *Zinn v. Hill Lumber & Investment Co.*, 176 Kan. 669, at p. 671, 272 P. 2d 1106. Be that as it may, we do not believe that we can reverse the rulings of the trial court as to its refusal to strike the demurrers of the defendants.

It may be that the trial court sustained the demurrers to the first cause of action in the belief that the statute of limitations has run since the filing of the action. The case of *Domann v. Pence,* supra, reiterating the rules appertaining thereto, had not been decided at that time. As shown *supra,* the statute of limitations can play no part in this case.

The first cause of action of the petition which is now under consideration contains some matters of evidence and anticipatory ma-

terial, which may have been inserted into the pleading in response to motions directed at prior pleadings, but the best manner to consider the sufficiency of the petition would seem to be to set out the main portions thereof in this opinion. After three introductory paragraphs, paragraph numbered three continues:

"3. Plaintiff further alleges that on or about the 1st day of February, 1952, Clarence R. Farran and family rented and leased the south apartment on the second floor of the building located at 2530½ Main Street, Parsons, Kansas, from W. F. Peterson and Stella Peterson, the owners thereof, who were joint tenants and not tenants in common of said property; that said property is situated in Labette County, Kansas, to wit:

[legal description]

and consists of a two story brick building having a vacant store building on the first floor, and two four room apartments on the second floor. That in addition thereto there is a plot of ground at the rear of said building, approximately 35' North and South by 28' East and West, upon which there was situated clothes lines and trash burner and playground for the use of the occupants of the second floor apartments, being a portion of property leased.

"4. That below the two apartments situated on the upper floor located at 2530½ Main Street, there was situated a grocery store previously leased by other parties, but which was vacant in December, 1953; that W. F. Peterson and Stella Peterson, his wife, employed M. H. Walker, a contractor, to remodel the lower floor of the building; that the work was performed by M. H. Walker, contractor, who was agent, servant and employee of defendants, W. F. Peterson and Stella Peterson, that said contractor threw and scattered all the debris, old equipment, rubbish and old lumber taken from the lower floor of said building, in disorderly loose heaps on the south half or the vacant portion of said lot being leased and commonly used by Clarence R. Farran and his family and the other tenants in the apartment directly above the store, and upon which the clothes lines and trash burner and playground were located; said debris, old equipment, rubbish and old lumber consisted of plaster, wooden boxes, shelving and counters commonly used in a grocery store, a better description of which this plaintiff cannot at this time give.

"5. That the remodeling work on the grocery store located on the lower floor was commenced on or about December 18, 1953, and was completed on or about the 4th day of January, 1954; that M. H. Walker, the contractor, who was an employee, servant and agent, was acting under the direction of W. F. Peterson and Stella Peterson, the owners of said building at all times referred to herein, when he left the debris, old equipment, rubbish and old lumber taken from the lower portion of said building in the back yard heretofore referred to.

"Mrs. Clarence Farran on numerous occasions between January 4, 1954, and the 1st day of February, 1954, orally notified the defendants, W. F. Peterson and Stella Peterson that said materials should be removed, and that it was dangerous to the tenants and their families living in said property, and that it was interfering with their lease.

"6. That the plaintiff, Beatrice Farran, on or about the 15th day of February, 1954, at about 4:00 P. M., without fault or negligence on her part, fell four feet

from the top of the heap of debris, old equipment, rubbish and old lumber, the same toppling under the weight of said child, and broke her leg. That W. F. Peterson and Stella Peterson, the defendants were landlords of the plaintiff, and M. H. Walker, who was jointly acting as their agent, servant and contractor in remodeling the lower portions of said building, were negligent in the manner in which said work was done, and Beatrice Farran, a minor, who is the daughter of Clarence R. Farran, the tenant of said premises, was without fault; and that said defendants and each of them owed to this plaintiff a duty to do this work in a workmanlike manner, and to keep said premises in a safe condition for the tenants and their families using said premises, and they and each of them knew or should have known that plaintiff, using the said premises, would be in danger of being injured, and in fact plaintiff was injured thereby.

"7. That defendants, and each of them, are guilty of the following acts of negligence, recklessness and carelessness in throwing and scattering the debris, old equipment, rubbish and old lumber in loose heaps upon said premises, the said acts being the proximate cause of Plaintiff's injuries, in that they did the following, to wit:

"(a) That defendant, M. H. Walker, contractor, agent, servant and employee of W. F. Peterson and Stella Peterson, threw and scattered the debris, old equipment, rubbish and old lumber on the premises and left it there, thrown in a negligent manner in the tenants and plaintiff's playground, where she, as the tenant's child, was accustomed to play.

"8. That upon the 15th day of February, 1954, at about 4:00 o'clock P. M., after due notice had been given to the defendants, and each of them, and as a direct and proximate result of said defendants' negligence, recklessness and carelessness as heretofore stated, Beatrice Farran, age seven years, while playing in her own yard, fell from the heap of debris, old equipment, rubbish and old lumber removed from the lower portion of the store building and deposited on the premises as heretofore alleged, and as a result of said fall Beatrice Farran received numerous bruises, lacerations and contusions to her body, which were accompanied by severe pain which made her sick, sore, lame, and disabled. So far as is now known to this plaintiff the principal injuries sustained were the following, to wit:"

The pleading continues with minute descriptions of plaintiff's injuries and prays judgment in the sum of $13,238 and interest.

The attention of counsel is directed to the fact, that under the above allegations, plaintiff is seeking compensation for injuries suffered upon a part of a piece of land possessed by the owner who has leased another portion with permission that all of his tenants may use the portion still possessed by the owner. It is clear that the owner and possessor of such a parcel of land may well be responsible for injuries to persons coming upon such real estate under the authority of his tenants, if he negligently allows a dangerous condition to exist thereon.

In *Restatement, Torts,* § 360, it is said:

"A possessor of land, who leases a part thereof and retains in his own

possession any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sub-lessee for bodily harm caused to them by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe."

Attention is especially directed also to Comment c. found under the above quoted rule.

In the case of *Hinthorn v. Benfer*, 90 Kan. 731, 136 Pac. 247, the syllabus of the opinion written by Mr. Justice Porter reads:

"A narrow porch or landing of an outside stairway used and intended for the use of different tenants of a building, and connected with a common hallway, is part of the stairway itself and necessarily in the possession and control of the landlord; and he is bound to exercise reasonable care to render it safe for the use which he invites others to make of it.

"Whether the landlord in this case was guilty of negligence in failing to discover the defective condition of the landing was a question of fact for the jury, and it was error to sustain a demurrer to the evidence."

Attention is also directed to *Zinn v. Hill Lumber & Investment Co.*, supra, and same case on later appeal, 180 Kan. 625, 305 P. 2d 1056; *Trimble v. Spears*, 182 Kan. 406, 320 P. 2d 1029; 52 C. J. S. 38, § 417(4); 32 Am. Jur. 559, § 687.

We direct special attention to the third paragraph of the syllabus of the opinion in the first appeal in the Zinn case, *supra*, stating the old rule:

"A demurrer to a petition admits all facts well pleaded."

It is also Hornbook law, that matters of defense need not be anticipated in a petition (Clark, *Code Pleading, 2d Ed.* 250, § 40).

Appellees in their brief seem to admit that the seven year old girl could not be charged with contributory negligence, which we agree would be exceedingly difficult to do, but suggest that plaintiff's parents should have kept her out of the way of danger. While if this theory were relevant it would seem to be a matter of defense to be raised by answer, attention is directed to the statement of Mr. Justice Dawson in the syllabus of *Garcia v. Slater-Breitag Yeamans Motor Co.*, 128 Kan. 365, 278 Pac. 23, a case where a six year old girl had been injured by defendant's negligence. The statement reads:

"(f) contributory negligence on the part of plaintiff's parents or guardian did not relieve defendant of liability for the injury and damage sustained by plaintiff because of defendant's negligence."

All other matters raised in the briefs of counsel have been carefully considered but require no further comment. The court is of the opinion that the first cause of action stated sufficient facts to constitute a cause of action against the defendants. The order of the trial court must be reversed with directions to require the defendants to file their answers to the above cause of action within a reasonable time and that the case be set down for trial at the earliest possible moment.

It is so ordered.