### JOSIAH COPLEY v. EDUARD BALLE.

**No. 391.\*** (60 Pac. 656.)

NEGLIGENCE — *Liability of Landowner — Dangerous Excavation*. The owner of property having a dangerous excavation thereon known to him who leases it to another to be run as a hotel and restaurant, without making reasonable provision for the protection of its patrons from falling in said excavation, is liable for the damage resulting therefrom.

Error from Geary district court; O. L. MOORE, judge. Opinion filed March 17, 1900. Affirmed.

\*Petition for order to certify denied by supreme court May 4, 1900.— REP.

*J. R. McClure,* for plaintiff in error.

*Humphrey & Humphrey,* for defendant in error.

The opinion of the court was delivered by

WELLS, J.:: This action was brought in the district court by the defendant in error to recover damages alleged to have been sustained by him by falling into an excavation on the premises owned by the plaintiff in error, but occupied at the time of the accident by a tenant as a hotel and restaurant. The action was tried to a jury, which made certain findings of fact and returned a general verdict for the plaintiff in the sum of $1000.

The main and, we think, the only vital question in this case is as to the liability of the owner of real property, leased to another for the purpose of being used as a hotel and restaurant, for injuries sustained by one who is lawfully thereon, by reason of a dangerous excavation left by the owner at the time of making the lease. There is no question involving the duties and liabilities of an innkeeper to his guest in this case. The plaintiff was lawfully upon the premises in obedience to a general invitation extended to the traveling public, as contemplated in the lease. The question of contributory negligence was decided by the jury adversely to the plaintiff in error, and, although in our judgment they could very properly have found the other way, we are bound by the findings.

Upon the question above stated, it seems to us that the law is clearly epitomized in the extract copied in the plaintiff in error's reply brief from the opinion in *Edwards v. N. Y. & H. R. Co.,* 98 N. Y. 249, as follows : "The responsibility of the landlord is the same in all cases. If guilty of negligence or other *delictum,* which

leads directly to the accident and wrong complained of, he is liable ; if not so guilty, no liability attaches to him." The evidence in this case warranted the jury in finding that the plaintiff in error was negligent in leasing the property to be used for a public purpose without providing for the protection of patrons from the danger of injuries by reason of the excavation thereon.

The judgment of the district court will be affirmed.