No. 30,792.

RUTH GIVEN, *Appellant*, v. WALTER J. TOBIAS and MRS. B. F. HOLMES, *Appellees*.

(19 P. 2d 472.)

Opinion filed March 11, 1933.

*Eustace Smith* and *Claude E. Chalfant*, both of Hutchinson, for the appellant.

*Ben Jones* and *Rubert G. Martin*, both of Lyons, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by a tenant of rooms on the second floor of a building, for personal injuries sustained because of failure of defendants to light a stairway furnishing means of access to the rooms. A demurrer to the petition was sustained, and plaintiff appeals.

Defendants were owners of adjoining lots on each of which stood a two-story brick building. The upper stories of the buildings were reached by a common stairway. The rooms of the upper stories were reached from the head of the stairway by a common hallway. The stairway was lighted by an electric light, the switch for which was in the ground floor room of the Tobias building, and for many years the practice had been to turn on the light at dusk of each day.

Plaintiff conducted a dressmaking establishment in upstairs rooms of the Holmes building. On the evening of November 3, 1930, plaintiff closed her rooms for the purpose of descending to the street. It was dusk outside the building, and was dark in the hall and stairway. The petition contained the very illuminating statement that the "stairway was dark owing to the fact that said stairway was not lighted," and proceeded as follows:

"That said stairway was not lighted because of the fact that the defendants, and each of them, had failed, neglected and refused to cause said stairway to be lighted. That said plaintiff proceeded with due care and as cautiously as she could, but owing to the negligence and carelessness of the defendants, and each of them, in failing to light the stairway, stumbled at or near the top step of the stairway, and fell the length of the same and almost to the street below."

It will be observed the petition alleged defendants "failed, neglected and refused to cause the stairway to be lighted." Refusal to light the stairway implied the electric light was not functioning, demand or request for light and refusal to furnish it. Such an interpretation of the petition would involve it in a confusion of theories of liability which evidently was not contemplated by the pleader, since cause of the accident was later definitely stated to be failure to light the stairway.

The petition did not state facts apprising defendants of the nature of the charge against them. There was no allegation of defect in the lighting apparatus, whether in the switch, the connection with the lamp, or the lamp itself, and there was no allegation that the light was not turned on as usual at dusk of the day of the accident. In her brief plaintiff enlarges on the petition, and says the building in which the switch was located was undergoing repair, and the light was out of commission. The petition, however, left defendants in total darkness with respect to what they did or what they omitted to do which caused the harm to plaintiff.

Defendants sought light on the nature of their fault by motion to make the petition more definite and certain. The motion was that plaintiff be required to state how long the stairway had not been lighted. The journal entry recites that plaintiff opposed the motion, declined to confess it, and the court overruled it.

As indicated, no facts were stated in the petition to show the switch was not turned as usual on the day of the accident, or to show the light did not function when the switch was turned, or to show the light went out or was put out of commission through act

or omission of defendants. All the petition said was, defendants negligently failed to light the stairway. While defendants had assumed the duty of lighting the stairway, the duty was not absolute. They were bound only to exercise of reasonable care. If the light went out, or was put out, without fault of defendants, as, for example, by wrongful conduct of a contractor repairing the building, defendants would be subject to liability only if, by exercise of reasonable care, they could have discovered the condition and could have remedied the condition before the accident occurred. The time when cause of plaintiff's harm—failure to light the stairway—occurred, was therefore an important fact bearing directly upon the blind charge of negligence, of which defendants should have been informed. With knowledge of when the cause of injury occurred, they might fortify against responsibility for consequences.

Plaintiff did not take the position she did not know when failure to light the stairway occurred, and offer to amend accordingly. She simply resisted the motion, and procured it to be denied. She thereby elected to stand on the naked facts appearing in her petition, which were to the following effect: Defendants were under obligation to light the stairway; there was no light; because there was no light, plaintiff was injured. This is the position taken by plaintiff in her brief:

"It seems to us clear that where the landlord has maintained lights or a light in his upstairs hallway for the protection, convenience and guidance of his tenants, and those visiting his tenants, it then becomes his manifest duty to maintain the light in proper condition. In the case at bar this was a jointly owned hallway, and the joint obligation rested upon both the appellees, defendants in the lower court, to so maintain the lighted hallway."

The correct standard of liability is stated in section 231 of the Restatement of the Law of Torts, which reads:

"*Section 231.* A possessor of land, who leases a part thereof and retains in his own control any other part which is necessary to the safe use of the leased part, is subject to liability to his lessee and others lawfully upon the land in the right of the lessee for bodily harm caused to them by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care (a) could have discovered the condition and the risk involved therein, and (b) could have made the condition safe."

The judgment of the district court is affirmed.