No. 45,687

JEAN M. BODNAR, *Appellant,* v. GLEN L. JACKSON and
SYLVIA N. JACKSON, *Appellees.*

(470 P. 2d 726)

Opinion filed June 13, 1970.

*Robert H. Foerschler,* of McAnany, Van Cleave and Phillips, of Kansas City, argued the cause and was on the brief for the appellant.

*Sheldon M. Crossette,* of Williamson, Cubbison, Hardy and Crossette, of Kansas City, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment in favor of the defendants in an action for personal injuries caused by a fall on a basement stairway alleged to be due to a faulty banister.

As chiefly trial errors are raised on appeal, the facts may be highly summarized.

In the summer of 1964, the plaintiff opened a new and used furniture business at 6100 State Avenue in Wyandotte, County, Kansas. She had an older store at 4360 State Avenue where she had previously resided. She had just rented from the defendants one side of a duplex which the defendant, Mr. Jackson, had built at 1521 N. 63rd Terrace. She was residing there on July 27, 1964. On that day she had returned to the duplex from 6100 State Avenue where she had been preparing for a "grand opening". She intended to bathe and change clothes. She had changed to a robe and slippers when she remembered that her dog, which had been placed in the

basement through the garage door the day before, should be given a pill.

The plaintiff started down the basement stairs which were clearly visible due to broad daylight coming through a half-window door at the foot of the stairs. She knew the stairs were steep, but continued to descend. She stated that she fell against the wall which was on her left but later testified that she first fell to her right. The handrail was attached to the wall and was not loose at either the top or middle attachment spacer.

Plaintiff suffered injuries and brought an action charging the defendants with negligence in the construction and maintenance of the flight of stairs and the banister. The case was tried to a jury which returned a verdict in favor of the defendants.

The plaintiff has appealed charging numerous trial errors.

Appellant first contends that the trial court erred in not admitting the testimony of an architect called by her as an expert witness.

The facts pertaining to this specific issue must be stated.

At the pretrial conference on October 2, 1967, the parties were ordered to exchange the names of their witnesses. On March 28, 1968, appellant submitted her list of witnesses and listed as her expert witness Mr. Bill Moon, a local building contractor. On the week-end before the trial, the appellant's counsel informed counsel for appellees that she was going to use Mr. Jack Horner, an architect, as her expert witness instead of Mr. Moon, the local building contractor. The appellees objected to the substitution.

Counsel for appellant informed the court that when Mr. Moon discovered that Mr. Jackson was the defendant he refused to testify. Counsel for appellees objected to a change of the expert witness from a local builder to an architect at that late date. Counsel for appellant then informed the trial court that he had known several weeks before that Mr. Moon would not testify. The trial court then ruled as follows:

"It will be the Court's ruling at this late date and with the nature of the witness, his qualifications being so much different as far as being a specialist in the field from the witness that was originally going to be called, an ordinary builder in the community, that such an endorsement of such an expert at this late date, considered in light of all the statements made here by counsel, that it will not be permitted.

". . . [T]he Court will be inclined to permit under the circumstances the use of another witness of like qualifications; that of being an ordinary builder in the community or a carpenter who has some experience in this area of home construction and duplex construction, or whatever it happens to be in this case."

Appellant did call another witness, a local contractor, who testified in her behalf. We find no prejudicial error in the trial court's ruling under the circumstances related. The advance identification of witnesses who will testify at a trial serves a useful purpose and is a proper exercise of judicial power at a pretrial conference. (*Brown v. Hardin*, 197 Kan. 517, 419 P. 2d 912.)

The appellant next claims that the trial court erred in excluding plaintiff's medical bills from evidence.

The pretrial conference was held on October 2, 1967, in compliance with K. S. A. 60-216. The court directed the preparation of a pretrial order which was subsequently approved by counsel of record and the court as being reflective of the conference. The plaintiff did not disclose her medical bills then or at any time request the pretrial order be modified to admit additional exhibits until midway through trial when some were admitted over objection and other bills were testified to orally, but bills related to a Dr. Monaghan and hospitalization were denied by the trial judge.

The trial judge ruled:

"Objection will be sustained for the reason that these exhibits during the pre-trial were not mentioned. So their admissibility, even though they might well be material under ordinary circumstances in the presentation of the case, the Court feels where we have had the pre-trial and exhibits that you are intending to use, and questions were asked and you so stated what you were going to use, and those you didn't have present for marking you listed and listed your X-rays; as has been elaborated by the attorney for the defendants that all parties concerned what exhibits in addition to those that were present at the pre-trial would be used and intended to be used by the various parties; at this late date to attempt to add additional exhibits in this fashion I think would be unfair and in violation of the pre-trial orders."

We have consistently held that pretrial procedure was adopted to enable courts to call parties before them and cut away by agreement or admissions all encumbrance to a speedy trial. One specific purpose of a pretrial conference is to acquaint each party in advance of trial with the respective factual contentions of the parties upon matters in dispute.

In *Connell v. State Highway Commission*, 192 Kan. 371, 388 P. 2d 637, we state at page 375 of the opinion:

"The primary purpose of pretrial procedure is to define the issues and eliminate those that are unnecessary; avoid the necessity of proof of purely formal matters that should be admitted; expedite the trial, avoid surprise; *consider and identify exhibits and documentary evidence*, and amend the pleadings to conform to the issues as defined. Pretrial procedure was adopted to enable courts to call the parties before them and cut away, by agreement and

admission of the parties, all encumbrances to a speedy trial on simplified issues. . . ." (Emphasis supplied.)

Also in *Brown v. Hardin,* 197 Kan. 517, 419 P. 2d 912, we state:

"The pretrial conference provided for by K. S. A. 60-216 has become an important part of our procedural process designed, among other things, to acquaint each party in advance of trial with the respective factual contentions of the parties upon matters in dispute, thus reducing the opportunity for maneuver and surprise at the trial, and enabling all parties to prepare in advance for trial. At pretrial conference the court may make any determination that will aid in the fair, orderly and efficient disposition of the action. (See *Connell v. State Highway Commission,* 192 Kan. 371, 388 P. 2d 637.) The matters specifically mentioned in the pretrial statute are not exclusive. . . ." (p. 519.)

The appellant contends that the trial court erred in allowing appellees' counsel to improperly attempt to refresh appellant's recollection.

The appellant was not consistent in her testimony as to her whereabouts at given times in her immediate past. She testified that she had lived at certain local addresses and had performed certain types of employment, then later acknowledged that she in reality was confined to the women's state prisons in Lansing, Kansas and Jefferson City, Missouri, each for several years duration at the times that she was supposed to be living at the local addresses. It also appears that she had been in the women's state prison at Maryville, Ohio, which she refused to admit. During a short recess, out of the hearing of the jury, she was allowed to look at a memorandum furnished by defendants' counsel in an effort to refresh her recollection.

Over her objection the court allowed defendants' counsel to show appellant, in the presence of the jury, a memorandum he had prepared to show when, where and why she was in prison, in an alleged effort to refresh her recollection as to her residences and her employment.

Counsel had asked her on cross-examination where she had been on a certain date. When she did not respond properly he showed her the memorandum. He did not read from the memorandum. Neither did he indicate its contents.

The cross-examination of appellant as to her whereabouts was on a material issue, and admissible not only as to her credibility under the circumstances, but also as to her employment background and her purported loss of earnings. We find no prejudicial error in the cross-examination.

The appellant contends the jury was swayed completely by passion and prejudice.

We find nothing in the record to indicate passion and prejudice and the appellant in her brief has indicated nothing. The burden is always on the appellant to substantiate allegations of passion and prejudice.

The appellant contends that the verdict was contrary to the evidence.

There was evidence that the handrail remained attached to the wall giving support; the stairway had been used numerous times; and the handrail had been used and it was not loose; the stairway met FHA, county and city building codes, and the plaintiff herself testified that no light was necessary as the stairs were clearly visible due to broad daylight and a half-window door at the foot of the stairs.

Furthermore, if the verdict was contrary to appellant's testimony, this court cannot nullify a jury's disbelief of evidence. It is for the jury to determine the persuasiveness of a witness' testimony. (*Schroeder v. Richardson,* 196 Kan. 363, 411 P. 2d 670.) Also, the burden of proof was on appellant, as plaintiff, to establish the truth of her allegations.

The appellant further contends that the trial court failed to give proper instruction on the liability of the landlords to their tenant.

The trial court instructed the jury as follows:

"If at the time a tenant takes possession of leased premises the landlord knows or by the exercise of ordinary care should know of some unsafe condition in or on the premises and if that unsafe condition is not known by the tenant and is not such as would be discovered by her in the exercise of ordinary care, the landlord has a duty to disclose the unsafe condition."

The instruction follows PIK 12.30 covering landlord's duty as to leased premises. The instruction is also in line with what we stated in *Branstetter v. Robbins,* 178 Kan. 8, 283 P. 2d 455:

"In a case of landlord and tenant there is a duty on the landlord to disclose to the tenant all hidden and latent defects in the premises within his actual knowledge, and his failure to do so will make the landlord liable in damages to the tenant, or a member of the tenant's family, for injuries directly resulting from the undisclosed defects. On the other hand, a landlord is not required to be an insurer of his tenant and the other members of the tenant's family." (Syl. ¶ 1.)

Finally, the appellant contends that there was no evidence to justify an instruction on contributory negligence and that the trial court erred in giving such an instruction.

Without laboring the question it will suffice to state that the jury may well have believed that the appellant contributed to her fall and injury by proceeding down what she claimed to be steep stairs in bedroom slippers and robe.

An examination of the record disclosses no errors that would justify the granting of a new trial.

The judgment is affirmed.

APPROVED BY THE COURT.