No. 47,579

GARY D. BORDERS, *Plaintiff-Appellant,* v. AGNES ROSEBERRY, *Defendant-Appellee.*

(533 P. 2d 1366)

Opinion filed March 1, 1975.

*Karl V. Shawver, Jr.,* of Paola, argued the cause, and was on the brief for the plaintiff-appellant.

*Willis H. McQueary,* of Osawatomie, argued the cause, and was on the brief for the defendant-appellee.

The opinion of the court was delivered by

PRAGER, J.: This case involves the liability of a landlord for personal injuries suffered by the social guest of the tenant as the result of a slip and fall on the leased premises. The facts in this case are undisputed and are as follows: The defendant-appellee, Agnes Roseberry, is the owner of a single-family, one-story residence located at 827 Brown Avenue, Osawatomie, Kansas. Several months prior to January 9, 1971, the defendant leased the property on a month to month basis to a tenant, Rienecker. Just prior to the time the tenant took occupancy of the house the defendant landlord had work performed on the house. The remodeling of the house included a new roof. In repairing the house the repairmen removed the roof guttering from the front of the house but failed to reinstall it. The landlord knew the guttering had been removed by the workmen, intended to have it reinstalled, and knew that it had not been reinstalled. The roof line on the house was such that without the guttering the rain drained off the entire north side of the house onto the front porch steps. In freezing weather water

from the roof would accumulate and freeze on the steps. The land-lord as well as the tenant knew that the guttering had not been reinstalled and knew that without the guttering, water from the roof would drain onto the front porch steps and in freezing weather would accumulate and freeze. The tenant had complained to the landlord about the absence of guttering and the resulting icy steps.

On January 9, 1971, there was ice and snow on the street and ice on the front steps. During the afternoon the tenant worked on the front steps, removing the ice accumulation with a hammer. The plaintiff-appellant, Gary D. Borders, arrived on the premises at approximately 4:00 p. m. in response to an invitation of the tenant for dinner. It is agreed that plaintiff's status was that of a social guest of the tenant. There was ice on the street and snow on the front steps when plaintiff arrived. At 9:00 p. m. as plaintiff Borders was leaving the house he slipped and fell on an accumu-lation of ice on the steps and received personal injuries. There is no contention that the plaintiff Borders was negligent in a way which contributed to cause his injuries. After a pretrial conference the case was tried to the court without a jury. Following submission of the case the trial court entered judgment for the defendant, making findings of fact which are essentially those set forth above. The trial court based its judgment upon a conclusion of law which stated that a landlord of a single-family house is under no obliga-tion or duty to a social guest, a licensee of his tenant to repair or remedy a known condition whereby water dripped onto the front steps of a house fronting north froze and caused plaintiff to slip and fall. The plaintiff has appealed to this court.

The sole point raised on this appeal by the plaintiff, Gary D. Borders, is that the trial court committed reversible error in con-cluding as a matter of law that a landlord of a single-family house is under no obligation or duty to a social guest of his tenant to repair or remedy a known condition whereby water dripped from the roof onto the front steps of a house fronting north, froze and caused the social guest to slip and fall.

At the outset it should be emphasized that we do not have in-volved here an action brought by a social guest to recover damages for personal injuries from his host, a possessor of real property. The issue raised involves the liability of a lessor who has leased his property to a tenant for a period of time. Furthermore, it should be pointed out that the plaintiff, a social guest of the tenant, has based his claim of liability against the landlord upon the existence

of a defective condition which existed on the leased property *at the time the tenant took possession.*

Traditionally the law in this country has placed upon the lessee as the person in possession of the land the burden of maintaining the premises in a reasonably safe condition to protect persons who come upon the land. It is the tenant as possessor who, at least initially, has the burden of maintaining the premises in good repair. (*Bailey v. Kelly,* 93 Kan. 723, 145 Pac. 556, overruling a prior decision in the same case, *Bailey v. Kelly,* 86 Kan. 911, 122 Pac. 1027.) The relationship of landlord and tenant is not in itself sufficient to make the landlord liable for the tortious acts of the tenant. (*Greiving v. La Plante,* 156 Kan. 196, 131 P. 2d 898; *Campbell v. Weathers,* 153 Kan. 316, 111 P. 2d 72.) When land is leased to a tenant, the law of property regards the lease as equivalent to a sale of the premises for the term. The lessee acquires an estate in the land, and becomes for the time being the owner and occupier, subject to all of the responsibilites of one in possession, both to those who enter onto the land and to those outside of its boundaries. Professor William L. Prosser in his Law of Torts, 4th Ed. § 63, points out that in the absence of agreement to the contrary, the lessor surrenders both possession and control of the land to the lessee, retaining only a reversionary interest; and he has no right even to enter without the permission of the lessee. There is therefore, as a general rule, no liability upon the landlord, either to the tenant or to others entering the land, for defective conditions existing at the time of the lease.

The general rule of non-liability has been modified, however, by a number of exceptions which have been created as a matter of social policy. Modern case law on the subject today usually limits the liability of a landlord for injuries arising from a defective condition existing at the time of the lease to six recognized exceptions. These exceptions are as follows:

1. Undisclosed dangerous conditions known to lessor and unknown to the lessee.

This exception is stated in Restatement, Second, Torts § 358 as follows:

"§ 358. Undisclosed Dangerous Conditions Known to Lessor

"(1) A lessor of land who conceals or fails to disclose to his lessee any condition, whether natural or artificial, which involves unreasonable risk of physical harm to persons on the land, is subject to liability to the lessee and

others upon the land with the consent of the lessee or his sublessee for physical harm caused by the condition after the lessee has taken possession, if

"(a) the lessee does not know or have reason to know of the condition or the risk involved, and

"(b) the lessor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to expect that the lessee will not discover the condition or realize the risk.

"(2) If the lessee actively conceals the condition, the liability stated Subsection (1) continues until the lessee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions."

In Kansas we have recognized and applied this exception to impose liability upon the landlord in the following cases: *Moore v. Parker,* 63 Kan. 52, 64 Pac. 975; *Branstetter v. Robbins,* 178 Kan. 8, 283 P. 2d 455; *Stertz v. Briscoe,* 184 Kan. 163, 334 P. 2d 357; *Tillotson v. Abbott,* 205 Kan. 706, 472 P. 2d 240; *Bodnar v. Jackson,* 205 Kan. 469, 470 P. 2d 726. It should be pointed out that this exception applies only to latent conditions and not to conditions which are patent or reasonably discernible to the tenant. (*Branstetter v. Robbins,* supra.)

2. Conditions dangerous to persons outside of the premises.

This exception is stated in Restatement, Second, Torts § 379 as follows:

"§ 379. Dangerous Conditions Existing When Lessor Transfers Possession.

"A lessor of land who transfers its possession in a condition which he realizes or should realize will involve unreasonable risk of physical harm to others outside of the land, is subject to the same liability for physical harm subsequently caused to them by the condition as though he had remained in possession."

The theory of liability under such circumstances is that where a·nuisance dangerous to persons outside the leased premises (such as the traveling public or persons on adjoining property) exists on the premises at the time of the lease, the lessor should not be permitted to escape liability by leasing the premises to another. The liability of the landlord for structural defects on leased property which causes injuries to persons outside of the premises was recognized and made the basis of a judgment against the landlord in *Mitchell v. Foran,* 143 Kan. 191, 53 P. 2d 490. *Mitchell* involved an awning hook which was fastened to the leased building and projected onto the public sidewalk and caused injury to a nine-year-old pedestrian.

3. Premises leased for admission of the public.

The third exception arises where land is leased for a purpose involving the admission of the public. The cases usually agree that in that situation the lessor is under an affirmative duty to exercise reasonable care to inspect and repair the premises before possession is transferred, to prevent any unreasonable risk or harm to the public who may enter. This exception is stated in § 359 of Restatement, Second, Torts as follows:

"§ 359. Land Leased for Purpose Involving Admission of Public

"A lessor who leases land for a purpose which involves the admission of the public is subject to liability for physical harm caused to persons who enter the land for that purpose by a condition of the land existing when the lessee takes possession, if the lessor

"(a) knows or by the exercise of reasonable care could discover that the condition involves an unreasonable risk of harm to such persons, and

"(b) has reason to expect that the lessee will admit them before the land is put in safe condition for their reception, and

"(c) fails to exercise reasonable care to discover or to remedy the condition, or otherwise to protect such persons against it."

This exception has been recognized in Kansas in the following cases: *Copley v. Balle.*, 9 Kan. App. 465, 60 Pac. 656 (hotel-restaurant); *Turner v. Kent.*, 134 Kan. 574, 7 P. 2d 513 (grocery store); *Zinn v. Hill Lumber & Investment Co.*, 176 Kan. 669, 272 P. 2d 1106 (room leased for rummage sale for one day). In *Mathes v. Robinson*, 205 Kan. 402, 469 P. 2d 259, we held that the owner of a rooming house was liable to a guest of his tenant who was asphyxiated as the result of an unvented gas heater of which the defendant had knowledge. Liability in the case was predicated upon *wanton misconduct* on the part of the landlord of the building. No attempt was made by the court to base liability upon one of the recognized exceptions. Liability for simple negligence was not claimed in the case and the plaintiff relied solely upon wantonness. Under similar factual circumstances in other jurisdictions liability of the landlord has been predicated on the theory that a rooming house, along with a hotel and motel, falls within the exception of property leased for public use and therefore the owner as lessor should be held liable for a dangerous condition existing at the time of the lease and of which the lessor had knowledge. (See the cases cited in the annotation in 17 A. L. R. 3rd 873.)

4. Parts of land retained in lessor's control which lessee is entitled to use.

When different parts of a building, such as an office building or an apartment house, are leased to several tenants, the approaches

and common passageways normally do not pass to the tenant, but remain in the possession and control of the landlord. Hence the lessor is under an affirmative obligation to exercise reasonable care to inspect and repair those parts of the premises for the protection of the lessee, members of his family, his employees, invitees, guests, and others on the land in the right of the tenant. This exception is covered in Restatement, Second, Torts §§ 360 and 361 which provide as follows:

"§ 360. Parts of Land Retained in Lessor's Control Which Lessee is Entitled to Use

"A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe."

"§ 361. Parts of Land Retained in Lessor's Control but Necessary to Safe Use of Part Leased

"A possessor of land who leases a part thereof and retains in his own control any other part which is necessary to the safe use of the leased part, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care

"(a) could have discovered the condition and the risk involved, and

"(b) could have made the condition safe."

In Kansas this exception has been recognized in the following cases: *Hinthorn v. Benfer.*, 90 Kan. 731, 136 Pac. 247; *Given v. Tobias.*, 137 Kan. 58, 19 P. 2d 472; *Bogart v. Lyman*, 142 Kan. 758, 51 P. 2d 918; *Brunsilius v. Farmers & Merchants State Bank*, 143 Kan. 148, 53 P. 2d 476; *Trimble v. Spears*, 182 Kan. 406, 320 P. 2d 1029; *Farran v. Peterson, Administrator*, 185 Kan. 154, 342 P. 2d 180.

5. Where lessor contracts to repair.

At one time the law in most jurisdictions and in Kansas was that if a landlord breached his contract to keep the premises in good repair, the only remedy of the tenant was an action in contract in which damages were limited to the cost of repair or loss of rental value of the property. Neither the tenant nor members of his family nor his guests were permitted to recover for personal injuries suffered as a result of the breach of the agreement. (*Murrell v. Crawford.*, 102 Kan. 118, 169 Pac. 561.) In most jurisdictions this

rule has been modified and a cause of action given in tort to the injured person to enable him recovery for his personal injuries. *Murrell* was expressly overruled in *Williams v. Davis*, 188 Kan. 385, 362 P. 2d 641. This exception is found in Restatement, Second, Torts § 357 which states as follows:

"§ 357. Where Lessor Contracts to Repair

"A lessor of land is subject to liability for physical harm caused to his lessee and others upon the land with the consent of the lessee or his sublessee by a condition of disrepair existing before or arising after the lessee has taken possession if

"(*a*) the lessor, as such, has contracted by a covenant in the lease or otherwise to keep the land in repair, and

"(*b*) the disrepair creates an unreasonable risk to persons upon the land which the performance of the lessor's agreement would have prevented, and

"(*c*) the lessor fails to exercise reasonable care to perform his contract."

In Kansas this exception has been followed in the following cases: *Waterbury v. Riss & Company*, 169 Kan. 271, 219 P. 2d 673; *Williams v. Davis*, supra; *Transport Insurance Co. v. Huston*, 207 Kan. 759, 486 P. 2d 1344; *Richardson v. Weckworth*, 212 Kan. 84, 509 P. 2d 1113. In *Vieyra v. Engineering Investment Co., Inc.*, 205 Kan. 775, 473 P. 2d 44, we held that although the landlord has a duty to keep the premises in repair by virtue of a covenant to repair in the lease, if the lease does not require the lessor to inspect the premises, the lessor is not liable until the lessee has given him notice of the need for repairs and the lessor thereafter fails to exercise reasonable care and diligence in making the repairs. In *Steele v. Latimer*, 214 Kan. 329, 521 P. 2d 304, we held that the provisions of a municipal housing code prescribing minimum housing standards are deemed by implication to become a part of a lease of urban residential property, giving rise to an implied warranty on the part of the lessor that the premises are habitable and safe for human occupancy in compliance with the pertinent code provisions and will remain so for the duration of the tenancy. Such an implied warranty creates a contractual obligation on the lessor to repair the premises to keep them in compliance with the municipal housing standards as set forth in a municipal housing code.

6. Negligence by lessor in making repairs.

When the lessor does in fact attempt to make repairs, whether he is bound by a covenant to do so or not, and fails to exercise reasonable care, he is held liable for injuries to the tenant or others on the premises in his right, if the tenant neither knows nor should

know that the repairs have been negligently made. This exception is stated in Restatement, Second, Torts § 362:

"§ 362. Negligent Repairs by Lessor

"A lessor of land who, by purporting to make repairs on the land while it is in the possession of his lessee, or by the negligent manner in which he makes such repairs has, as the lessee neither knows nor should know, made the land more dangerous for use or given it a deceptive appearance of safety, is subject to liability for physical harm caused by the condition to the lessee or to others upon the land with the consent of the lessee or sublessee."

§ d of Section 362 declares that the lessor is subject to liability if, but only if, the lessee neither knows nor should know that the purported repairs have not been made or have been negligently made and so, relying upon the deceptive appearance of safety, subjects himself to the dangers or invites or permits his licensees to encounter them. Conversely it would follow that if the lessee knows or should know that the purported repairs have not been made or have been negligently made, then the lessor is not liable under this exception. This exception has been recognized in Kansas in the following cases: *Mann v. Fuller,* 63 Kan. 664, 66 Pac. 627; *Upham v. Head,* 74 Kan. 17, 85 Pac. 1017; *Meecke v. Morguies.,* 128 Kan. 423, 278 Pac. 45.

With the general rule and its exceptions in mind we shall now examine the undisputed facts in this case to determine whether or not the landlord can be held liable to the plaintiff here. It is clear that the exceptions pertaining to undisclosed dangerous conditions known to the lessor (exception 1), conditions dangerous to persons outside of the premises (exception 2), premises leased for admission of the public (exception 3), and parts of land retained in the lessor's control (exception 4) have no application in this case. Nor do we believe that exception 5, which comes into play when the lessor has contracted to repair, has been established by the court's findings of fact. It does not appear that the plaintiff takes the position that the lessor contracted to keep the premises in repair; nor has any consideration for such an agreement been shown. As to exception 6, although it is obvious that the repairs to the roof were not completed by installation of the guttering and although the landlord expressed his intention to replace the guttering, we do not believe that the factual circumstances bring the plaintiff within the application of exception 6 where the lessor has been negligent in making repairs. As pointed out above, that exception comes into play only when the lessee lacks knowledge that the purported repairs have not been made or have been negligently made.

Here it is undisputed that the tenant had full knowledge of the icy condition on the steps created by the absence of guttering. It seems to us that the landlord could reasonably assume that the tenant would inform his guest about the icy condition on the front steps. We have concluded that the factual circumstances do not establish liability on the landlord on the basis of negligent repairs made by him.

In his brief counsel for the plaintiff vigorously argues that the law should be changed to make the landlord liable for injuries resulting from a defective condition on the leased premises where the landlord has knowledge of that condition. He has not cited any authority in support of his position, nor does he state with particularity how the existing law pertaining to a landlord's liability should be modified. We do not believe that the facts and circumstances of this case justify a departure from the established rules of law discussed above.

The judgment of the district court is affirmed.

FATZER, C. J., concurring in result.