(955 P.2d 1342)
No. 78,501

EARLINE PATE, *Appellant*, v. RIVERBEND MOBILE HOME VILLAGE, INC., *Appellee*.

—

Opinion filed April 3, 1998.

*Henry O. Boaten*, of Law Offices of Henry Boaten, P.A., of Topeka, for appellant.

*Mark Edwards*, of Hoover, Schermerhorn, Edwards, Pinaire & Rombold, Chartered, of Junction City, for appellee.

Before KNUDSON, P.J., ELLIOTT and GERNON, JJ.

KNUDSON, J.: Earline Pate appeals from the district court's grant of summary judgment to Riverbend Mobile Home Village, Inc.,

(Riverbend) in a lawsuit brought by Pate to recover damages for personal injury. The issue before the district court and now on appeal concerns the duty a landlord owes a tenant for an unsafe condition on the leased premises.

On December 28, 1993, Earline Pate and her husband, Robert Pate, leased a mobile home and the lot on which the home was located from Riverbend. The written lease required the Pates to maintain the mobile home and yard.

On June 28, 1994, while playing with her children in the front yard, Earline tripped over a round, iron pole that protruded an inch or two above the ground. This pole was the base of a clothesline that had been removed by Riverbend before the Pates took possession of the property. Earline contends Riverbend is liable for her injuries and damages because it had a duty to disclose this hidden, unsafe condition upon the premises.

Riverbend's motion for summary judgment admits the pole was on the premises when the Pates took possession but contends that the pole was not a defect, and, in any event, it was discoverable upon reasonable inspection by the Pates. Attached to Riverbend's motion was a copy of the lease; a copy of an inventory and conditions report completed by Robert Pate, which indicated that the condition of the yard was "ok"; and pictures of the yard taken in October after the pole had been removed.

In opposing Riverbend's motion, Earline denied that she or her husband was aware of the pole's existence before her injury. She argued before the district court that whether the pipe was an undisclosed, dangerous condition and unknown by the lessees presents questions of fact that cannot be resolved by summary judgment.

The district court reasoned that the pole did not present an unsafe condition but even if it did, "[t]he testimony of [Earline] and the pictures entered into evidence clearly establish that the round iron pole was located in the Plaintiff's yard and was clearly visible to ordinary observation." The court, therefore, concluded that Riverbend breached no duty owed to Earline and granted summary judgment.

The applicable standard to consider a motion for summary judgment by the district court or on appeal has been stated to be as follows:

> "The burden on the party seeking summary judgment is a strict one. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal we apply the same rule, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citations omitted.]" *Mitzner v. State Dept. of SRS*, 257 Kan. 258, 260-61, 891 P.2d 435 (1995).

Kansas maintains a general rule of nonliability upon the landlord to either the tenant or to others entering upon the land for defective conditions existing at the time of the lease. *Borders v. Roseberry*, 216 Kan. 486, 488, 532 P.2d 1366 (1975). This general rule, however, has six recognized exceptions:

1. Undisclosed dangerous conditions known to the lessor and unknown to the lessee;
2. Conditions dangerous to persons outside of the premises;
3. Premises leased for admission of the public;
4. Parts of land retained in the lessor's control which the lessee is entitled to use;
5. Where the lessor contracts to repair; and
6. Negligence by the lessor in making repairs. 216 Kan. at 488-93.

Earline argues that Riverbend's actions fall under exceptions numbers one and six. The *Borders* court had this to say about these exceptions:

> "1. Undisclosed dangerous conditions known to lessor and unknown to the lessee.
> "This exception is stated in Restatement, Second, Torts § 358 as follows:
> '§ 358. Undisclosed Dangerous Conditions Known to Lessor

'(1.) A lessor of land who conceals or fails to disclose to his lessee any condition, whether natural or artificial, which involves unreasonable risk of physical harm to persons on the land, is subject to liability to the lessee and others upon the land with the consent of the lessee or his sublessee for physical harm caused by the condition after the lessee has taken possession, if

'(a) the lessee does not know or have reason to know of the condition or the risk involved, and

'(b) the lessor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to expect that the lessee will not discover the condition or realize the risk.

'(2) If the [lessor] actively conceals the condition, the liability stated [in] Subsection (1) continues until the lessee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions.'

In Kansas we have recognized and applied this exception to impose liability upon the landlord in the following cases: *Moore v. Parker*, 63 Kan. 52, 64 Pac. 975; *Branstetter v. Robbins*, 178 Kan. 8, 283 P.2d 455; *Stertz v. Briscoe*, 184 Kan. 163, 334 P.2d 357; *Tillotson v. Abbott*, 205 Kan. 706, 472 P.2d 240; *Bodnar v. Jackson*, 205 Kan. 469, 470 P.2d 726. It should be pointed out that this exception applies only to latent conditions and not to conditions which are patent or reasonably discernible to the tenant. (*Branstetter v. Robbins*, supra.)" 216 Kan. at 488-89.

"6. Negligence by lessor in making repairs.

"When the lessor does in fact attempt to make repairs, whether he is bound by a covenant to do so or not, and fails to exercise reasonable care, he is held liable for injuries to the tenant or others on the premises in his right, if the tenant neither knows nor should know that the repairs have been negligently made. This exception is stated in Restatement, Second, Torts § 362:

'§ 362. Negligent Repairs by Lessor

'A lessor of land who, by purporting to make repairs on the land while it is in the possession of his lessee, or by the negligent manner in which he makes such repairs has, as the lessee neither knows nor should know, made the land more dangerous for use or given it a deceptive appearance of safety, is subject to liability for physical harm caused by the condition to the lessee or to others upon the land with the consent of the lessee or sublessee.' " 216 Kan. at 492-93.

In granting summary judgment to Riverbend, the district court reasoned:

"The testimony of the Plaintiff and the pictures entered into evidence clearly establish that the round iron pole was located in the Plaintiff's yard and was clearly visible to ordinary observation. In *Branstetter*, our Supreme Court determined that a landlord is under no duty to disclose to the tenant obvious defects in the premises which are apparent to observation, especially where there is an equal

opportunity for observation on the part of each party; and no liability is imposed on the landlord for his failure to make known such defects. It has been stated that the landlord owes the tenant no duty except that of not entrapping him by concealing facts which ordinary inspection would not reveal. [Citation omitted.]

. . . .

"Given the facts that have been stipulated to in this case and adopted by the Court, the Court finds that there is no duty owed by Riverbend to Pate because of the alleged 'defect' (round metal pole) complained of by Plaintiff because this alleged defective condition complained of by Plaintiff is clearly as discernible upon reasonable investigation to Plaintiff as it was to Riverbend. [Citations omitted.]"

We conclude the district court did not err in granting summary judgment to Riverbend.

First, it is apparent the district court gave consideration to photographs of the yard that were submitted into evidence when determining that (a) the pole was not hidden, and (b) Robert or Earline knew or should of known of its existence before the time of the accident. Earline has failed to include those photographs in the record on appeal. It is an appellant's duty to designate a record on appeal sufficient to establish claimed error; without an adequate record, the appellant's claim of error fails. See *Durham v. Cessna Aircraft Co.*, 24 Kan. App. 2d 334, 335, 945 P.2d 8 (1997); Supreme Court Rule 3.02 (1997 Kan. Ct. R. Annot. 20). Without the photographs, we are not in a position to conclude that there was material error in the district court's grant of summary judgment.

Second, the uncontroverted facts support the district court's decision: The Pates had been in possession of the leased premises for 6 months before the accident; Mr. Pate signed an inventory and conditions report that the condition of the yard was "ok"; the pole protruding one to two inches above the ground was located in the yard; Pates had a duty to maintain the premises, including the yard; and "the testimony of [Earline] and the pictures entered into evidence clearly establish[ed] that the round iron pole was . . . visible to ordinary observation." These factual circumstances support the district court's determination that Robert or Earline

knew or should have known of the pole's existence and location prior to Earline's accident.

Affirmed.