NOT DESIGNATED FOR PUBLICATION

No. 114,920

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERESA PARKER,
*Appellant*,

v.

MARLYN PEREZ and TOM JOHNSON
d/b/a JOHNSON RENTALS,
*Appellees*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed September 23, 2016. Reversed and remanded.

*Mitchell W. Rice*, of Mann Wyatt & Rice, LLC, of Hutchinson, for appellant.

*Norman R. Kelly*, of Norton, Wasserman, Jones & Kelly, L.L.C., of Salina, for appellees.

Before STANDRIDGE, P.J., HILL, J., and BURGESS, S.J.

*Per Curiam*:  Teresa Parker brought an action against her landlords, Marlyn Perez and Tom Johnson, d/b/a Johnson Rentals, for personal injuries after she fell off a staircase in the rented residence. The district court granted summary judgment in the landlords' favor, holding that they were under no duty to reinstall a handrail that had been removed from the staircase. Parker appeals from the summary judgment, arguing that there are genuine issues of material fact regarding whether the landlords agreed to reinstall the handrail. Because the record reveals that there are genuine issues of fact regarding the

1

landlords' duty, we reverse the district court's summary judgment and remand for further proceedings.

FACTS

Parker and her daughter Courtnie Price signed a written lease agreement to rent a single-family residence from Perez and Johnson d/b/a Johnson Rentals in Larned, Kansas, for 1 year beginning in late July 2012. Parker and Price lived in the residence with Parker's son and Price's young daughter. Although Perez was a signatory to the lease, Johnson managed the residence, and so both "landlords" and "Johnson" will be used to mean the appellee in this case.

Before Parker and Price signed the lease, they walked through the house, including the basement, where two bedrooms were located. The stairs leading from the first floor to the basement had no handrails when the tenants viewed the house. On one side of the staircase was a wall with no handrail, and on the other side there was no wall or handrail—it was open to the basement. Under the staircase was stored a large piece of particle board with a handrail attached to it (hereinafter "handrail"), which could be reattached to the staircase in a manner that would create a wall for the open side of the staircase and provide a handrail for the stairs. The handrail had been removed so that the former tenants could have better access to move large items out of the basement. Johnson told Parker and Price that he would reinstall the handrail after Parker and her family moved into the residence. This was agreeable to the tenants.

According to Parker, she told Johnson at the beginning of September 2012 that they had finished moving their belongings into the residence. According to Johnson, none of the tenants ever specifically asked him to reinstall the handrail. In any case, the handrail was not reinstalled at that time. Parker occupied one of the basement bedrooms

2

and therefore walked up and down the basement staircase several times every day. The family's clothes dryer also was located in the basement.

On October 21, 2012, Parker was walking down the stairs when she fell off the open side of the staircase and onto the basement floor, sustaining injuries. Parker sued the landlords for damages, claiming that Johnson should have reinstalled the handrail, which would have prevented her fall off the side of the staircase. The landlords moved for summary judgment, arguing that Kansas law imposed no duty on the landlords to reinstall the handrail. The district court agreed and granted the landlords' motion for summary judgment, holding that there was no duty to repair the stairwell under either the parties' lease agreement or by oral agreement. Parker timely appealed.

SUMMARY JUDGMENT STANDARD

This court reviews a district court's summary judgment order de novo, and applies the same standards as did the district court. *Osterhaus v. Toth*, 291 Kan. 759, 768, 249 P.3d 888 (2011). Our review of summary judgment motions is well known:

> "'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to dispute must be material to the conclusive issues in the case. On appeal, the court applies the same rules, and where the court finds that reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.'" *Simmons v. Porter*, 298 Kan. 299, 303-04, 312 P.3d 345 (2013).

ANALYSIS

For purposes of summary judgment, the central issue in this case is whether the landlords owed Parker a duty to reinstall the handrail on the staircase leading to the basement. The general rule in Kansas is that a landlord owes no duty to a tenant for defective conditions existing at the time of the lease. *Borders v. Roseberry*, 216 Kan. 486, 488, 532 P.2d 1366 (1975). The *Borders* court states the traditional rule that the tenant becomes the owner and occupier of the land for the duration of the lease and, as a result, takes on the responsibility to keep the premises in good repair. Unless the parties agree otherwise, the landlord surrenders possession and control of the premises for the duration of the lease and therefore does not retain liability for defects existing at the time the tenant leases the premises. With that said, the *Borders* court identified six exceptions to the general rule of landlord nonliability: (1) undisclosed dangerous condition known to lessor; (2) condition dangerous to persons outside the premises; (3) premises leased for admission of the public; (4) parts of land retained in lessor's control that lessee is entitled to use; (5) lessor contracts to repair; and (6) negligence by lessor in making repairs. 216 Kan. at 488-93.

Consistent with the general rule cited above, the landlords argued to the district court that the undisputed facts established a complete lack of liability on their part because the alleged defect (stairs without a handrail leading to the basement) existed at the time Parker took possession and control over the premises as a tenant. In opposing summary judgment, Parker argued there was evidence in the record from which a factfinder reasonably could have concluded that the landlords agreed to repair the alleged defect, which if true created a genuine dispute in material fact as to whether one of the stated exceptions to the general rule of nonliability applied to preclude summary judgment. As noted above, the district court granted the summary judgment in favor of the landlords, holding there was no duty to repair the stairwell under either the parties' lease agreement or by oral agreement.

4

On appeal, Parker claims the district court erred in granting summary judgment in favor of the landlords because she came forward with sufficient evidence to create a genuine dispute of material fact that required submission to a jury regarding applicability of the exception to nonliability for landlords who agree to repair leased premises after a tenant moves in. Specifically, Parker claims there is evidence in the record that (1) the landlords agreed to reinstall the handrail on the open basement staircase once Parker moved in and (2) the landlords admitted the staircase without a handrail constituted an unreasonable risk of danger to at least one of the tenants.

In analyzing this issue, Kansas courts look to the Restatement (Second) of Torts, § 357 (1965), which the Kansas Supreme Court has described as follows:

> "A covenant to repair leased premises imposes on the lessor a liability in tort to the lessee and others rightfully on the premises for an injury naturally and proximately resulting from his [or her] failure to perform the covenant to repair, if the disrepair creates an unreasonable risk to persons upon the land which would have been prevented had the agreement been performed." *Williams v. Davis*, 188 Kan. 385, Syl. ¶ 1, 362 P.2d 641 (1961).

The parties have conflicting versions of what Johnson agreed to with regard to the handrail. Parker argues that Johnson agreed to reinstall the handrail when she and her family were finished moving in, and that his failure to do so resulted in her injury. Johnson argues that he actually told the tenants that they had to make an "express request" that the handrail be reinstalled after they moved in, which he contends never occurred. A review of the evidence in the record shows that there is a genuine issue of material fact regarding the promise to repair: Johnson did agree to reinstall the handrail on some terms, and the dispute about those terms and whether they were fulfilled is one for the jury to decide.

Parker cites evidence that Johnson covenanted to repair the staircase. At her deposition, Price testified, "He said let me know as soon as you guys have everything moved into this part of the house and I'll come back over and get it put back up." Parker testified that she had a conversation with Johnson shortly after moving in "about we had everything moved in so if they wanted to put the railing up, but that was the only conversation." Parker contends that Johnson was therefore on notice and should have reinstalled the handrail, which would have prevented her fall.

Johnson argues that he told the tenants that he would reinstall the handrail only after they informed him that they were finished moving in *and* specifically requested that he reinstall the handrail. Johnson contends that because Parker never specifically asked him to reinstall the handrail, no such duty ever arose. Rather than asking for the railing to be replaced, Johnson cites evidence that Parker continued to use the open staircase several times every day for months with full knowledge that it had no handrail. Johnson contends that Parker knew that the handrail was not going to be reinstalled immediately, and was "obviously fine with that arrangement." Thus, Johnson concludes that Parker did not seek to have the handrail reinstalled.

However, Johnson's earlier deposition testimony tells a different story: Johnson admitted that he agreed to reinstall the handrail after Parker and her family moved in but that he never heard from the tenants that they were finished moving in:

> "Q:    Okay. What was the conversation with Miss Parker about the handrail or the wall and putting it back up or leaving it down? What conversations do you remember?
> "A:    I did tell her that when they get their stuff moved in that I'd come over and put the handrail back up for them.
> "Q:    Okay.
> "A:    And I was never contacted.
> . . . .

6

"Q:    . . . Why was the handrail never replaced until sometime, what, end of October or maybe even into November?

"A:    I was never informed they were done moving stuff in.

"Q:    . . . So, if Miss Parker would—do you dispute her testimony then that she talked to you in September and said, we're all moved in?

"A:    Yes.

"Q:    Okay. So, if they would have never called you and said, hey, we're all moved in, you would have never replaced the handrail?

"A:    No, I probably would have asked them if we could put it back up."

Looking at the record in favor of the party against whom summary judgment was rendered, as this court must under *Carr v. Vannoster*, 48 Kan. App. 2d 19, 21, 281 P.3d 1136 (2012), we find that reasonable persons could conclude that Johnson agreed to reinstall the handrail. Johnson never denied that he would repair the staircase at some time. Such a covenant imposes liability on the landlords under the Restatement (Second) of Torts, § 357. Summary judgment is inappropriate where reasonable minds can differ as to the conclusions drawn from the evidence. *Osterhaus*, 291 Kan. at 768.

The parties also dispute whether there is a genuine issue of material fact regarding whether the open staircase sans handrail created an "unreasonable risk" under the standard set forth in Restatement (Second) of Torts, § 357. See *Williams*, 188 Kan. 385, Syl. ¶ 1 (liability imposed "for an injury naturally and proximately resulting from his [or her] failure to perform the covenant to repair, if the disrepair creates an unreasonable risk"). Parker argues that the staircase with no handrail presented an unreasonable risk that Johnson failed to remedy, and which caused her injuries.

Johnson argues on appeal that the stairwell was not a dangerous condition without the handrail. But Parker cites Johnson's agreement in his deposition testimony that "the handrail makes the stairway a safer place." Johnson subsequently stated that he thought the open staircase would be dangerous for a child but would be safe for an adult.

Johnson's admission that the staircase was dangerous for at least one of the tenants of the residence (Price's young daughter), and his agreement that the handrail would be a safer condition, is sufficient to create a genuine issue about whether the open staircase created an unreasonable risk in the residence.

The Kansas Supreme Court held that summary judgment was improper on similar facts in *Richardson v. Weckworth*, 212 Kan. 84, 509 P.2d 1113 (1973). In that case, the tenants leased a single-family residence from the landlords. The sidewalk outside the residence began to deteriorate into a rough pebbly surface, so the tenants complained to the landlords. The tenants testified that the landlords repeatedly promised they would fix the sidewalk but never did. One of the tenants fell when her shoe caught in the sidewalk, causing personal injuries. Afterwards, the landlords denied that they had ever agreed to repair the sidewalk and that they were not concerned about the sidewalk as a point of danger to anyone walking on it.

The court held that the case fell squarely within the Restatement (Second) of Torts, § 357. Citing the landlord-tenant relationship between the parties and the rights arising out of that relationship, the court stated:

> "[G]enuine issues of fact were raised as to whether the condition of the sidewalk created an unreasonable risk to persons upon the land, whether the lessor agreed to repair the condition and whether the injury suffered by the tenant was the natural and proximate result of the failure of the lessor to perform his agreement." 212 Kan. at 89.

The court held that these questions were properly submitted to the jury. 212 Kan. at 89.

Like in *Richardson*, genuine issues exist regarding the landlords' covenant to repair. The evidence would allow reasonable people to conclude that Johnson agreed to reinstall the handrail on the staircase after some conditions were met. There are genuine

issues of material fact regarding the scope of the agreement and whether it was breached, and whether the open staircase presented an unreasonable risk to the tenants. These issues preclude summary judgment on the issue of duty because the landlords' covenant to repair provides an exception to the general rule of landlord nonliability.

Finally, Parker argues in passing that Johnson Rentals owed her a legal duty under the Kansas Residential Landlord Tenant Act (KRLTA). The KRLTA requires residential landlords to (1) comply with the requirements of applicable building and housing codes materially affecting health and safety; (2) exercise reasonable care in maintenance of the common areas; and (3) maintain a good and safe working order and condition of all electrical, plumbing, sanitary, heating, ventilating, and air-conditioning appliances. K.S.A. 58-2553(a)(1)-(3).

However, Parker put forth no facts supporting her arguments that the KRLTA applies—she cited no evidence specifying what building or housing codes might apply, indicating that she was injured in a common area, or suggesting how an unsafe "appliance" led to her injury. "'When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact.'" *Simmons*, 298 Kan. at 303-04. Because she cited no such evidence, Parker's KRLTA arguments are waived. *State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013) (failure to support point with pertinent authority or show why it is sound despite lack of supporting authority is akin to failing to brief issue and therefore deemed abandoned).

For the reasons stated above, we find summary judgment improper in this case because Parker came forward with material evidence in the record that would allow reasonable people to conclude that the landlords agreed to reinstall a handrail on the open basement staircase and that the lack of a handrail constituted an unreasonable risk to at least one of the tenants. Under Kansas law, such a covenant to repair is a well-established

9

exception to the general rule that a landlord is not liable to the tenant for a defective condition that existed at the time the tenants signed the lease.

Reversed and remanded.