(83 P.3d 805)
No. 90,443

In the Matter of the Marriage of JANET GALVIN, *Appellee,* and ROBERT JOSEPH GALVIN, III, *Appellant.*

Opinion filed January 30, 2004.

*Jean Ann Uvodich,* of Olathe, for appellant.

*William J. Paprota,* of William J. Paprota, P.A., of Overland Park, for appellee.

Before MARQUARDT, P.J., ELLIOTT, J., and PHILIP C. VIEUX, District Judge, assigned.

VIEUX, J.: Robert Joseph Galvin, III, appeals the trial court's decision that he had abandoned his motion to alter or amend the divorce decree by filing a subsequent motion to reduce child support and spousal maintenance. We affirm in part and dismiss in

part. The facts of this case will be discussed as necessary to determine the issues presented.

### Orders From the Divorce Trial

Robert's first four issues on appeal challenge the trial court's computation of child support and its distribution of the parties' property in the divorce decree.

K.S.A. 2002 Supp. 60-2103(b) states: "The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from, and shall name the appellate court to which the appeal is taken." Here, Robert's notice of appeal stated only that he was appealing "from the Judgments entered in the present action on February 26, 2003, to the Court of Appeals of the State of Kansas." The February 26, 2003, decision related to Robert's motion to alter or amend the divorce decree.

It is a fundamental proposition of Kansas appellate procedure that an appellate court only obtains jurisdiction over the rulings identified in the notice of appeal. *Hess v. St. Francis Regional Med. Center*, 254 Kan. 715, 718, 869 P.2d 598 (1994). The *Hess* court further stated:

"K.S.A. 60-102 provides for liberal construction to secure the just, speedy, and inexpensive determination of every action or proceeding. The code of civil procedure was not rewritten to make more technical and burdensome the requirements of the notice of appeal as construed by the court in its previous decisions." 254 Kan. at 720.

In *Key v. Hein, Ebert & Weir, Chtd.*, 265 Kan. 124, 129, 960 P.2d 746 (1998), the notice of appeal appealed from a trial court order entered in December 1996, and " 'from each and every order entered contrary to plaintiff.' " The December 1996 decision was a ruling on Key's motion for a new trial or to amend the judgment, but the decision which granted summary judgment to the appellees was a December 1995 order. The appellees in *Key* sought to limit the appeal only to the issues addressed in the December 1996 order. Key argued that in appealing the December 1996 order, he appealed the December 1995 order granting summary judgment. The *Key* court construed the notice of appeal liberally and held that it covered earlier court orders not specifically designated. It

noted that the catchall language "obviously embraces the entry of summary judgment." 265 Kan. at 130.

Robert's ex-wife, Janet Galvin, argues that even a liberal construction would not give this court jurisdiction because there was no catchall phrase used in Robert's notice of appeal. She also asserts that Robert's failure to include in the record on appeal the trial transcript from the divorce proceeding or the "hundreds" of trial exhibits shows that he did not intend to appeal the June 2001 order.

Robert contends that the issues he raised are part of the record on appeal, which includes the transcripts of the August 2002 and February 2003 hearings. Further, he maintains that all of his issues were addressed by the trial court at those hearings and the February 2003 order reflects a final decision on all of those rulings.

This court finds that it lacks jurisdiction as to Robert's first four issues on appeal regarding child support and property division. Additionally, we find that the record on appeal is insufficient without the transcript of the divorce trial and the exhibits submitted at the trial. An appellant has the duty to designate a record on appeal sufficient to establish the claimed error. Without an adequate record, the appellant's claim of error fails. *Pate v. Riverbend Mobile Home Village, Inc.*, 25 Kan. App. 2d 48, 52, 955 P.2d 1342 (1998).

Robert's first four issues on appeal regarding the original child support and property division orders are dismissed.

### Motion to Alter or Amend Divorce Decree

On June 29, 2001, Robert filed a motion to alter or amend the divorce decree. In August 2001, the trial court heard Robert's motion to alter or amend the divorce decree as to issues of child support and property division. At that hearing, the trial court ordered the parties to mediate the issues and then submit a journal entry. If the parties could not reach an agreement, they were to inform the trial court. The parties mediated but could not reach an agreement and the matter was never brought back before the trial court. On November 19, 2001, rather than proceeding with his motion to alter or amend the divorce decree, Robert filed a motion to reduce child support and spousal maintenance with a

hearing officer. On February 12, 2002, the hearing officer denied Robert's motion. On February 27, 2002, Robert filed a motion for de novo review of the hearing officer's decision, but it was never set for hearing. Robert's motion for de novo review was heard before the trial court on February 26, 2003. In its memorandum decision, the trial court stated that Robert "had abandoned that motion [to alter or amend the divorce decree] by filing a subsequent motion to modify child support." The trial court also found that Robert's motion for de novo review was dismissed for lack of prosecution because it was never set for hearing; thus, the hearing officer's decision should stand. Robert filed an appeal of the February 26, 2003, judgment with this court.

Whether Robert abandoned his motion to alter or amend the divorce decree by filing his motion to reduce child support and spousal maintenance is a question of law. This court's standard of review on questions of law is unlimited. *Smith v. Fisher*, 29 Kan. App. 2d 400, 402, 26 P.3d 83, *rev. denied* 272 Kan. 1419 (2001).

Janet argues that Robert's inaction for 16 months constituted abandonment of the issue on his motion to alter or amend the divorce decree when he filed his motion to reduce child support and spousal maintenance. Kansas law has defined abandonment as the intentional and voluntary relinquishment of a known right. See *Botkin v. Kickapoo, Inc.*, 211 Kan. 107, 109-10, 505 P.2d 749 (1973). Janet argues that "[i]naction on one judicial front while the identical legal issue is attacked on another judicial front constitutes abandonment of that issue on the judicial front where the inaction occurs. To rule otherwise would allow litigants to forever stall decisions on the merits."

Robert equates abandonment with waiver and cites *Beeson v. Erickson*, 22 Kan. App. 2d 452, 917 P.2d 901, *rev. denied* 260 Kan. 991 (1996) in support of his argument. In *Beeson*, the plaintiffs argued that the defendants waived their right to invoke an arbitration clause because they took no steps regarding arbitration until after suit was filed. The *Beeson* court found that the defendants had raised their right to arbitration in their answer and had thereafter objected to the trial court's denial of motions to compel arbitration and otherwise pursued the issue throughout the litigation;

thus, the defendants' conduct unequivocally demonstrated their intent to rely on and insist upon enforcing their right to arbitration. 22 Kan. App. 2d at 454-55.

Although there is no specific case law regarding abandoning a motion under these factual circumstances, the trial court did not err in its ruling. Pursuant to Supreme Court Rule 172 (2003 Kan. Ct. R. Annot. 209), the hearing officer has the power to establish and modify support, or enforce support pursuant to the Kansas Parentage Act, 38-1110 *et seq.*

Despite the hearing officer's decision and the trial court's ruling, Robert is not precluded from challenging child support due to a change in circumstances. Under K.S.A. 2002 Supp. 60-1610(a)(1), the trial court may modify or change any prior order within 3 years of the date of the original order or a modification order when a material change in circumstances is shown. Thus, even if Robert abandoned his motion to alter or amend the divorce decree, he can still ask the trial court to modify his child support and spousal maintenance.

Robert suggests that the trial court found he had abandoned the issue of property division. Robert did not follow the trial court's orders to either submit a journal entry after mediation on the issues of child support and personal property division, or inform the trial court that an agreement could not be reached. A party may not invite error and then complain of that error on appeal. *Butler County R.W.D. No. 8 v. Yates,* 275 Kan. 291, 296, 64 P.3d 357 (2003).

The trial court did not err in its decision.

### *Motion for De Novo Review*

Robert argues that the trial court erred when it dismissed his motion for de novo review for lack of prosecution. Robert asserts that the matter was not set for hearing because he was forced to move to Florida due to the loss of most of his business and did not have the funds for attorney fees.

Whether the trial court properly dismissed Robert's motion for de novo review involves interpretation of local rules and Supreme Court Rule 105 (2003 Kan. Ct. R. Annot. 154). Thus, this court

has unlimited review. *Butler County R.W.D. No. 8,* 275 Kan. at 294.

Rule 105 provides that judicial districts may make rules they find necessary for the administration of the district court's affairs to the extent such rules are not inconsistent with applicable statutes and the Kansas Supreme Court Rules. Johnson County District Court Rule 26 (12)(C) states: "Within 30 days after filing the motion for a review hearing, the movant shall obtain from the court a date for the review hearing. If a hearing date is not timely obtained, the motion will be dismissed for lack of prosecution pursuant to K.S.A. 60-241(b)(2)." See Rules of Court for the Tenth Judicial District of Kansas, Civil Rule 26.

Although Robert's financial situation had changed for the worse, this does not excuse his failure to set his motion for de novo review for hearing. The trial court did not err in dismissing Robert's motion for lack of prosecution.

Robert also argues that District Court Rule 26 did not apply to his case because it was not retroactively applicable to previous filings.

"The general rule is that if an amendment is to a procedural statute and it does not prejudicially affect the substantive rights of the parties, all actions will be subject to the new procedure whether they accrued before or after the change in the law and whether or not a suit had been instituted. [Citation omitted.] Procedural laws are those that concern 'the manner and order of conducting suits— in other words, the mode of proceeding to enforce legal rights. [Citation omitted.]' " *Rios v. Board of Public Utilities of Kansas City,* 256 Kan. 184, 191, 883 P.2d 1177 (1994).

District Court Rule 26 is a procedural rule and can be applied retroactively.

Robert's first four issues on appeal regarding the trial court's computation of child support and distribution of the parties' property are dismissed. The trial court's ruling that Robert had abandoned his motion to alter or amend the divorce decree and its dismissal of Robert's motion for de novo review are affirmed.

Affirmed in part and dismissed in part.